## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------- X

STEVEN SCHMALZ on behalf of himself and       :
all others similarly situated,

        :

      Plaintiff,            Case 7:08-cv-00264-KMK

        :

     -against-

        :

MBIA, INC., GARY C. DUNTON, EDWARD
CHAPLIN,

        :

      Defendants.

-------------------------------------- X

TEAMSTERS LOCAL 807 LABOR
MANAGEMENT PENSION FUND,        :
Individually and on behalf of all others
similarly situated,        :     Case No. 1:08-cv-01845-UA

        Plaintiff,        :

     -against-        :

MBIA INC., GARY C. DUNTON, C.        :
EDWARD CHAPLIN, and JOSEPH W.
BROWN

        :

      Defendants.

-------------------------------------- X

GARY  KOSSEFF, Individually and on behalf       :
of all others similarly situated,

        :     Case 7:08-cv-02362-UA

        Plaintiff,        :

     -against-        :

MBIA INC., GARY C. DUNTON, and C.        :
EDWARD CHAPLIN,

      Defendants.        :

## [PROPOSED] ORDER CONSOLIDATING RELATED CASES
## AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

Having considered the papers filed in support of the Tulare County Employees' Retirement Association's ("TCERA" or "Movant") Motion For Consolidation, Appointment as Lead Plaintiff, and For Approval of Choice of Lead Counsel pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order.

## I.    CONSOLIDATION

1.    The above-captioned actions are hereby consolidated for all purposes into one action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and 15 U.S.C. § 78u-4(a)(3)(B)(ii), along with any future-filed or transferred tag-along actions relating to the securities of MBIA, Inc. ("MBIA").

2.    The instant actions and any tag-along actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to any and all cases that are subsequently filed in this Court or transferred to this Court, which action is brought against the defendants and/or any other past or present employee or agent of any defendant, on behalf of purchasers of MBIA securities.

3.    The short caption for the Consolidated Actions shall be "*In re MBIA, Inc. Securities Litigation*, Civil Action No. 7:08-cv-00264-KMK."   Every pleading in this Consolidated Action shall bear the following caption:

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————
                                                    )
IN RE MBIA, INC. SECURITIES LITIGATION    )        7:08-cv-00264-KMK
———————————————————————————)

      4.     This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Actions.

**II.    <u>MASTER DOCKET AND MASTER FILE</u>**

      5.     A Master Docket and Master File are hereby established for the Consolidated Actions.  The Master File shall be Case No. 7:08-cv-00264-KMK.  Entries in the Master Docket shall be applicable to these Consolidated Actions as more fully set forth below.  Separate dockets shall also be maintained for each of these Consolidated Actions, and entries shall be made in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order.

**III.    <u>NEWLY-FILED OR TRANSFERRED ACTIONS</u>**

      6.     When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

        a.     file a copy of this Order in the separate file for such action;

        b.     mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

        c.     make the appropriate entry in the docket for this action.

      7.     Each new case which arises out of the subject matter of the Consolidated Actions that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within

2

ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

## IV.    APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

9.     TCERA has moved the Court to be appointed as Lead Plaintiff on behalf of purchasers of MBIA securities in this consolidated class action and to approve the counsel retained to be Lead Counsel.

10.     Having considered the provisions of § 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Movant is the most adequate plaintiff to represent purchasers of MBIA securities and that Movant satisfies the requirements of the PSLRA.  The Court hereby appoints Movant to be the Lead Plaintiff and to represent the interests of the class of MBIA securities purchasers in the Consolidated Actions.

11.     Pursuant to §21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant has selected and retained the law firm Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") to serve as Lead Counsel for the class.  The Court approves Movant's selection of Lead Counsel for the Consolidated Actions.

12.     Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

3

a.       to coordinate the briefing and argument of any and all motions;

b.       to coordinate the conduct of any and all discovery proceedings;

c.       to coordinate the examination of any and all witnesses in depositions;

d.       to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e.       to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f.       to coordinate all settlement negotiations with counsel for defendants;

g.       to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h.       to coordinate the preparation and filings of all pleadings; and

i.       to supervise all other matters concerning the prosecution or resolution of the Consolidated Actions.

13.       No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

14.       Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

15.       Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.  Lead Counsel shall be the contact between the Court and plaintiffs

4

and their counsel.

16.     All counsel for plaintiffs in the Consolidated Actions shall submit to Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate and the subject matter of the work.  Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Lead Counsel shall determine.  Any failure to timely submit such reports to Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund, which may be created in the Consolidated Actions.

17.     Defendants shall effect service of papers on plaintiffs by serving copies on Lead Counsel by overnight delivery service, electronic mail ("e-mail"), telecopy or hand delivery. Plaintiffs shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, e-mail, telecopy or hand delivery.

18.     Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings.

SO ORDERED THIS ____day of _____, 2008.


_____
Honorable United States District Judge

5