# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STEVEN SCHMALZ, on behalf of himself and all others similarly situated, | ) ) ) | **CIVIL ACTION NO. 08-CV-0264-KMK** |
| | ) | **ECF Filed** |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| | ) | |
| MBIA, INC., GARY C. DUNTON, and C. EDWARD CHAPLIN, | ) ) ) | |
| Defendants. | ) ) ) | |
| TEAMSTERS LOCAL 807 LABOR MANAGEMENT PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | **CIVIL ACTION NO. 08-CV-1845-UA** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MBIA, INC., GARY C. DUNTON, C. EDWARD CHAPLIN, and JOSEPH W. BROWN, | ) ) ) ) | |
| Defendants. | ) ) | |

(Caption continued on subsequent page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF TEACHERS' RETIREMENT SYSTEM OF OKLAHOMA FOR (1) APPOINTMENT AS LEAD PLAINTIFF; (2) APPROVAL OF ITS SELECTION OF COUNSEL AS LEAD COUNSEL FOR THE CLASS; AND (3) CONSOLIDATION OF ALL RELATED ACTIONS**

| | |
|---|---|
| GARY KOSSEFF, Individually and On behalf of All Others Similarly Situatted, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| | ) |
| MBIA, INC., GARY C. DUNTON and C. EDWARD CHAPLIN, | ) ) |
| Defendants. | ) ) |

**CIVIL ACTION NO. 08-CV-2362-UA**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

BACKGROUND OF THE ACTION ............................................................. 2

ARGUMENT ................................................................................................. 4

I.    Oklahoma Teachers Should Be Appointed Lead Plaintiff........................................... 4

      a.    Oklahoma Teachers Believes That It Has The Largest Financial
            Interest In The Relief Sought By The Class ...................................... 5

      b.    Oklahoma Teachers Otherwise Satisfies the Requirements of Rule 23 ........... 6

II.   The Court Should Approve Oklahoma Teachers' Selection Of Lead Counsel .......... 9

III.  The Related Actions Should Be Consolidated........................................................... 9

CONCLUSION............................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

CASES

*Fishbury Ltd. v. Connetics Corp.*,
    No. 06-CV-11496, 2006 WL 3711566 (S.D.N.Y. Dec. 14, 2006) ....................................6, 9

*Glauser v. EVCI Career Colleges Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ...............................................................................6, 7, 8, 10

*Goldberger v. PXRE Group, Ltd.*,
    No. 06-CV-3410, 2007 WL 980417 (S.D.N.Y. Mar. 30, 2007).........................................6, 11

*In re Cendant Corp. Sec. Litig.*,
    404 F.3d 173 (3d Cir. 2005)....................................................................................................9

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ......................................................................................6, 7, 8

*In re Initial Pub. Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y. 2002) .........................................................................................7, 8

STATUTES

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................2, 5, 6, 10

OTHER AUTHORITIES

Fed. R. Civ. P. 42(a) ...................................................................................................................2

Fed. R. Civ. P. 23 ............................................................................................................3, 6, 7, 8

H.R. Conf. Rep. No. 104-369 .....................................................................................................9

The Teachers' Retirement System of Oklahoma ("Oklahoma Teachers") respectfully submits this memorandum in support of its motion (i) for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), (ii) for approval of its selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class, and (iii) for consolidation of all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

## PRELIMINARY STATEMENT

This securities class action lawsuit arises from allegations concerning violations of the federal securities laws by MBIA Inc. ("MBIA" or the "Company") and certain of its officers and directors (collectively, "Defendants").  During the period from October 26, 2006 until January 9, 2008 (the "Class Period"), Defendants disseminated materially false and misleading information to investors related to the Company's financial condition and operations, while suppressing or recklessly ignoring information known to them about the Company's finances.  Defendants' misstatements artificially inflated the price of MBIA stock and caused substantial damage to investors in MBIA.

Oklahoma Teachers believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as Lead Plaintiff for this consolidated action. Oklahoma Teachers believes that it has the largest financial interest in the relief sought in this action by virtue of the approximately $7.1 million it lost on its investment in MBIA

as a result of the Defendants' misconduct.[1]  Oklahoma Teachers further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other Class members'.  Oklahoma Teachers also has experience as a fiduciary in conducting and supervising counsel in complex securities class action litigation.  Oklahoma Teachers respectfully submits that it is a paradigmatic Lead Plaintiff for a case such as this—a sophisticated institutional investor with experience in securities class action lawsuits, a strong incentive to pursue the maximum possible recovery for the Class, and the willingness and wherewithal to guide the conduct of the litigation and ensure its proper prosecution.

## BACKGROUND OF THE ACTION

MBIA is a provider of financial guarantee insurance and credit protection products and is one of the country's largest insurers of credit risk.  The Company is based in Armonk, New York and trades on the New York Stock Exchange under the symbol "MBI."  It has nearly 200 million shares outstanding and held by public investors.

Throughout the Class Period, defendants violated the federal securities laws by issuing false and misleading press releases, financial statements, filings with the Securities and Exchange Commission, and other statements to the investing public that served to artificially inflate the price of the Company's securities.  In particular, defendants misrepresented and failed to disclose the true extent of MBIA's exposure to losses stemming from MBIA's insurance of residential mortgage backed securities ("RMBS"), including exposure to so called "CDO squared" securities, which are

---

[1] A copy of the Certification of Oklahoma Teachers is attached as Exhibit A to the Declaration of Gerald H. Silk ("Silk Decl.").  As required by the PSLRA, this Certification sets forth the transactions of Oklahoma Teachers in MBIA securities during the Class Period.  In addition, a chart setting forth calculations of Oklahoma Teachers' losses is attached as Exhibit B to the Silk Declaration.

collateralized debt obligations ("CDOs") backed by other CDOs. (¶2)[2]  Information concerning the extent and nature of the Company's exposure to these risky instruments was highly material to the investing public because MBIA's AAA credit rating is critical to the Company's financial health and the Company's exposure to these instruments had and continues to have a direct bearing on MBIA's ability to maintain its credit rating. (¶¶16-20)

The investing public began to learn the facts of MBIA's true financial condition when, on December 19, 2007, the Company disclosed for the first time that it faced $8.1 billion of exposure to CDO squared securities.  (¶48)  In response to this news, MBIA's share price declined over 27% in a single day, closing down at $19.95 per share on December 20, 2007 from a close of $27.02 on the previous day.  (¶49)  This disclosure was followed by a series of disclosures concerning the Company's highly risky exposures, culminating on January 9, 2008, the last day of the Class Period, on which the Company disclosed the extensive steps necessary to improve its deteriorating capital position and disclosed writedowns arising from RMBSs and CDOs.  The Company also announced revisions to its 2006 annual report to include greater detail about the risks facing the Company related to downgrades of its credit rating and the reduction in the credit quality of the types of debt it insures.  These disclosures caused further declines in the Company's stock price, which closed at $13.40 per share on January 9, 2008.  (¶¶56-64)

Three securities class actions were filed in the Southern District of New York in the wake of the Company's announcements and consequent market corrections.  The first

_____

[2] References herein to "¶__" are to the Class Action Complaint filed in *Schmalz v. MBIA, Inc., et al.*, Civil Action No. 08-CV-0264-KMK (filed January 11, 2008) [Dkt #1].

such action, styled *Schmalz v. MBIA, Inc., et al.*, was filed on January 11, 2007. As required by the PSLRA, notice of the pendency of this action was published on the same day, alerting investors to the May 11, 2008 deadline for motions seeking appointment as Lead Plaintiff on behalf of MBIA investors. That first notice referenced a class period of January 30, 2007 until January 9, 2008.[3] A subsequent notice and complaint referenced a longer class period from October 26, 2006 until January 9, 2008.[4] With the filing of this motion, Oklahoma Teachers satisfies the statutory deadline to move to be appointed as Lead Plaintiff in this action.

## ARGUMENT

### I.     Oklahoma Teachers Should Be Appointed Lead Plaintiff

Oklahoma Teachers respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410, 2007 WL 980417, at *2 (S.D.N.Y. Mar. 30, 2007) (Karas, J.); *Fishbury Ltd. v. Connetics Corp.*, No. 06-CV-11496, 2006 WL 3711566, at *2 (S.D.N.Y. Dec. 14, 2006); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005).

---

[3] This first-published notice is attached as Ex. C to the Silk Decl.
[4] This later-published notice is attached as Ex. D to the Silk Decl.

a.     **Oklahoma Teachers Believes That It Has The Largest**
**Financial Interest In The Relief Sought By The Class**

Oklahoma Teachers should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class.   15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts generally look to four factors in determining which movant has the largest financial interest in the litigation.   These factors are (i) the number of gross shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered.  *See, e.g., Fishbury*, 2006 WL 3711566, at \*2; *Glauser*, 236 F.R.D. at 187; *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 100; *see also Goldberger*, 2007 WL 980417, at \*3 (discussing factors).  In light of each of these factors, Oklahoma Teachers believes that it has the largest financial interest in the outcome of this lawsuit.

Oklahoma Teachers purchased 211,000 shares of MBIA on a gross basis during the Class Period.  During the same period, Oklahoma Teachers sold only 20,600 of these shares, and had net purchases of 190,400 shares as a result.  In addition, Oklahoma Teachers had total net expenditures of $9,768,504.64.   As a result of the market corrections caused by revelation of MBIA's misconduct, Oklahoma Teachers lost approximately $7.1 million on this investment.[5]  The magnitude of Oklahoma Teachers' financial interest in this litigation can be summarized as follows:

---

[5]Courts in this District and elsewhere rely on two principal methods for calculating approximate loss for purposes of Lead Plaintiff motions under the PSLRA.  These are the FIFO (first in, first out) and LIFO (last in, first out) methods.  In this case, FIFO and LIFO loss calculations of Oklahoma Teachers' approximate losses yield the identical figure.  *See* Chart setting forth Oklahoma Teachers' transactions and losses in MBIA securities, attached as Exhibit B to the Silk Decl.

| Factor | Oklahoma Teachers' Position |
|---|---|
| Gross Purchases: | 211,000 shares |
| Net Purchases: | 190,400 shares |
| Net Expenditures: | $9,768,504.64 |
| Approximate Loss: | $7,112,686.20 |

Accordingly, Oklahoma Teachers believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### b.    Oklahoma Teachers Otherwise Satisfies the Requirements of Rule 23

Oklahoma Teachers should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Glauser*, 236 F.R.D. at 188 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 102 (same). Oklahoma Teachers unquestionably satisfies both requirements in this case.

Oklahoma Teachers' claim is typical of the claims of other Class members. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002). Oklahoma Teachers' claims in this action arise from the very same course of misconduct at MBIA as the claims of the other Class members—*i.e.*, the artificial inflation and consequent market correction of MBIA stock caused by defendants' fraudulent public disclosures. *See, e.g., Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading

statements and/or omissions, and (3) suffered damages thereby."); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim.").

Oklahoma Teachers likewise satisfies the adequacy requirement of Rule 23. The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another;" the movant "has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121. Oklahoma Teachers satisfies each of these elements of the adequacy requirement.

Oklahoma Teachers is adequate to represent the Class because its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. Indeed, Oklahoma Teachers seeks identical relief on identical claims based on identical legal theories. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Oklahoma Teachers and other Class members.

Oklahoma Teachers is also adequate to represent the interests of the Class because it has a sufficient interest in the outcome of the case to ensure vigorous advocacy. Oklahoma Teachers lost approximately $7.1 million on its net investment of just under $10 million in MBIA. In other words, Oklahoma Teachers lost nearly 73% of the value of its Class Period investment in MBIA securities as a result of defendants' misconduct—

a substantial loss that will ensure Oklahoma Teachers' commitment to the vigorous prosecution of this lawsuit.

Oklahoma Teachers has also submitted a Certification affirming its understanding of the duties owed to Class members through its commitment to oversee the prosecution of this Class action. *See* Silk Decl., Exhibit A. Through that Certification, Oklahoma Teachers accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action. The Certification also demonstrates that Oklahoma Teachers has experience overseeing the prosecution of complex securities class action lawsuits such as this one.

Moreover, Oklahoma Teachers is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class"); *Glauser*, 236 F.R.D. at 188. Finally, Oklahoma Teachers has demonstrated its adequacy through its selection of Bernstein Litowitz as counsel to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively.

## II.    The Court Should Approve Oklahoma Teachers' Selection Of Lead Counsel

The Court should approve Oklahoma Teachers' choice of the law firm of Bernstein Litowitz to serve as Lead Counsel. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, codified at 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval. Oklahoma Teachers has selected and retained the law firm of Bernstein Litowitz.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country.[6] Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Other cases in which Bernstein Litowitz has been recognized as an appropriate lead or co-lead counsel since the passage of the PSLRA, include, for example, *In re Refco, Inc. Securities Litigation*, No. 05 Civ. 8626 (S.D.N.Y.) and *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (S.D.N.Y.).

Accordingly, the Court should approve Oklahoma Teachers' selection of Bernstein Litowitz as Lead Counsel for the Class.

## III.    The Related Actions Should Be Consolidated

There are at least three securities class action complaints pending in the Southern District of New York on behalf of investors in MBIA securities:

---

[6] *See, e.g.*, Bernstein Litowitz's Firm Biography attached as Exhibit E to the Silk Decl.

| Case Number | Abbreviated Case Name | Date Filed |
|---|---|---|
| 08-CV-264 | *Schmalz v. MBIA, Inc., et al.* | January 11, 2007 |
| 08-CV-1845 | *Teamsters Local 807 Labor Management Pension Fund v. MBIA Inc., et al.* | February 25, 2008 |
| 08-CV-2362 | *Kosseff v. MBIA, Inc., et al.* | March 6, 2008 |

All of these actions present virtually identical factual and legal issues, as they all arise out of the same alleged misstatements regarding the financial condition of MBIA. Accordingly, consolidation is appropriate here. *See, e.g., Goldberger*, 2007 U.S. Dist. LEXIS 23925, at *5-6 ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (quoting *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001)).

## CONCLUSION

For the foregoing reasons, Oklahoma Teachers respectfully requests that the Court: (i) appoint Oklahoma Teachers as Lead Plaintiff pursuant to the PSLRA; (ii) approve Oklahoma Teachers' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: March 11, 2008                              Respectfully submitted,

                                                   **BERNSTEIN LITOWITZ BERGER &**
                                                   **GROSSMANN LLP**


                                                   /s/ Gerald H. Silk
                                                   Gerald H. Silk (GS-4565)
                                                   Noam Mandel (NM-0203)

10

1285 Avenue of the Americas, 38th Floor
New York, NY 10019
(212) 554-1400

Counsel for Teachers' Retirement System of
Oklahoma and Proposed Lead Counsel for
the Class