USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN SCHMALZ et al,

                        Plaintiffs,

    -v-                                          No. 08-CV-264 (KMK)

MBIA, INC., et al,

                        Defendants.

---

TEAMSTERS LOCAL 807 LABOR
MANAGEMENT PENSION FUND et al,

                        Plaintiffs,

    -v-                                          No. 08-CV-1845 (KMK)

MBIA, INC., et al,

                        Defendants.

---

GARY KOSSEFF et al,

                        Plaintiffs,

    -v-                                          No. 08-CV-2362 (KMK)

MBIA, INC., et al,

                        Defendants.

CASE MANAGEMENT ORDER NO. 1

KENNETH M. KARAS, District Judge:

I. Consolidation

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above-referenced cases are consolidated for all purposes into a single action.[1] The consolidated action – along with any and all cases brought against these Defendants and/or any past or present employee or agent of these Defendants, on behalf of purchasers of MBIA securities, that are subsequently filed in this Court or transferred to this Court – shall be captioned as:

| IN RE MBIA, INC., SECURITIES LITIGATION | No. 08-CV-264 (KMK) |

II. Appointment of Lead Plaintiff

Several Parties to the above-referenced cases have petitioned the Court to be selected lead plaintiff in the consolidated action. Pursuant to the Private Securites Litigation Reform Act of 1995 ("PSLRA"),

> the court shall adopt a presumption that the most adequate plaintiff
> in any private action arising under this chapter is the person or
> group of persons that--
>> (aa) has either filed the complaint or made a motion in
>> response to a notice under subparagraph (A)(i);
>> (bb) in the determination of the court, has the largest
>> financial interest in the relief sought by the class; and
>> (cc) otherwise satisfies the requirements of Rule 23 of the
>> Federal Rules of Civil Procedure.

---

[1] Rule 42(a) of the Federal Rules of Civil Procedure states:
> (a) Consolidation. If actions before the court involve a common
> question of law or fact, the court may:
>> (1) join for hearing or trial any or all matters at issue in the
>> actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or
>> delay.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by a submission of proof by a member of the purported plaintiff class that the presumptively-most-adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Plaintiffs in each of the three individual cases, as well as the five Parties that petitioned the Court for appointment as lead counsel, have each acknowledged that the Teachers' Retirement System of Oklahoma has the largest financial stake in the consolidated litigation. (08-CV-264 Dkt Nos. 25-29); *see Glauser v. EVCI Center Coll. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006) (noting the four factors relevant to determining what potential plaintiff has the largest financial interest).[2] Moreover, no member of the purported plaintiff class has questioned the fairness or adequacy of the Teachers' Retirement System of Oklahoma as lead plaintiff. Accordingly, having considered the relevant provisions of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that the Teachers' Retirement System of Oklahoma is the most adequate plaintiff to represent the purchasers of MBIA securities. *See Glauser*, 236 F.R.D. at 187-89 (appointing teachers' organization lead plaintiff because it had the greatest financial stake in the litigation, satisfied the requirements of Federal Rule 23, and no purported plaintiff rebutted the presumption of adequacy and fairness).

### III. Appointment of Lead Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Teachers' Retirement System of Oklahoma has selected and retained the law firm of Bernstein Litowitz Berger & Grossman LLP to serve as lead counsel for the class. The Court approves the selection of this qualified counsel as lead for the consolidated action.

### IV. Administration

A master docket and master file are hereby established for the consolidated action. The master file shall be Case No. 08-CV-264 (KMK). Separate dockets shall also be maintained for each of the individual cases consolidated in this action, and entries shall be made in accordance with the regular procedures of the Clerk of Court.

---

[2]The Teachers' Retirement System of Oklahoma claims a loss of $7.1 million from its transactions in MBIA securities. Not only is this loss larger than that of any of the other movants, it is larger than the losses of all the other movants combined. (Mem. of Law in Further Supp. of the Mot. of the Teachers' Retirement Sys. of Okla. 3 n.1 (noting that the other four potential plaintiffs lost $1.86 million, $1.69 million, $1.25 million, and $789,951, respectively).)

    The Clerk of Court is respectfully directed to terminate the pending motions in the above-referenced cases. (08-CV-264 Dkt. Nos. 3, 7, 8, 9, 10, 11, 12, 16, 20; 08-CV-1845 Dkt. No. 4; 08-CV-2362 Dkt. No. 2.)

SO ORDERED.

Dated:      June 30, 2008
              White Plains, New York

                                                KENNETH M. KARAS
                                               UNITED STATES DISTRICT JUDGE

Service List by ECF:

Salvatore Jo Graziano, Esq.
Gerald Harlan Silk, Esq.
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, NY 10119
Email: sgraziano@blbglaw.com
Email: jerry@blbglaw.com
*Counsel for Steven Schmalz and Teachers' Retirement System of Oklahoma*

Todd Seth Garber, Esq.
Lowey Dannenberg Cohen & Hart, P.C.
White Plains Plaza
One North Broadway, Suite 509
White Plains, NY 10601
Email: tgarber@lowey.com
*Counsel for Louisiana Municipal Police Employees' Retirement System*

Catherine A. Torell, Esq.
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
Email: ctorell@cmht.com
*Counsel for Tulare County Employees Retirement Association*

Alan Ian Ellman, Esq.
Labaton Sucharow, LLP
140 Broadway
New York, NY 10005
Email: aellman@labaton.com
*Counsel for Plymouth County Retirement System*

David Avi Rosenfeld, Esq.
Samuel Howard Rudman, Esq.
Coughlin, Stoia, Geller, Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747
Email: drosenfeld@csgrr.com
Email: srudman@csgrr.com
*Counsel for Massachusetts Laborers' Annuity Fund and Teamsters Local 807 Labor Management Pension Fund*

Marvin Lawrence Frank, Esq.
Murray, Frank & Sailer, LLP
275 Madison Avenue, 8th floor
New York, NY 10016
Email: mfrank@murrayfrank.com
*Counsel for Gary Kosseff*