# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MBIA, INC., SECURITIES
LITIGATION

File No. 08-CV-264-KMK

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation") is entered into by and among the Teachers' Retirement System of Oklahoma, Lead Plaintiff in the above-captioned consolidated class action (the "Action"), on behalf of itself and the Class (as hereinafter defined) and Defendants MBIA Inc. ("MBIA" or the "Company"), Gary C. Dunton ("Dunton") and C. Edward Chaplin ("Chaplin") (together, the "Individual Defendants"; and together with MBIA, the "Defendants"; and together with Lead Plaintiff, the "Parties"), by and through their respective counsel, is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure, and is subject to approval of the Court.[1]  Subject to the terms and conditions set forth herein and approval by the Court, the Settlement is intended to settle and release all claims that were asserted in the Action against Defendants.

WHEREAS:

A.      Beginning on January 11, 2008, three class action complaints were filed in the United States District Court for the Southern District of New York, styled *Schmalz v. MBIA, Inc., et al.*, Case No. 08-CV-264 (KMK), *Teamsters Local 807 Labor Management Pension Fund v.*

---

[1]   All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in paragraph 1 herein.

*MBIA Inc., et al.*, Case No. 08-CV-1845 (KMK), and *Kosseff v. MBIA, Inc., et al.*, Case No. 08-CV-2362 (KMK).

B.      In its Case Management Order No. 1 dated July 7, 2008, the Court ordered that: the cases be consolidated and recaptioned as *In re MBIA, Inc., Securities Litigation*, Case No. 08-CV-264-KMK; appointed the Teachers' Retirement System of Oklahoma as Lead Plaintiff for the Action; and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class.

C.      Prior to filing a consolidated complaint, Lead Counsel conducted an investigation that included, among other things, a review of MBIA's filings with the United States Securities and Exchange Commission, analyst research reports, investor presentations, news articles concerning MBIA and other public data; interviews of former MBIA employees; and legal analysis of the claims against Defendants and their potential defenses.

D.      On October 17, 2008, Lead Plaintiff filed its Consolidated Amended Class Action Complaint (the "Consolidated Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Consolidated Complaint alleged that Defendants made materially false and misleading statements and omissions about, *inter alia*, the nature and extent of MBIA's exposure to collateralized debt obligations ("CDOs") containing residential mortgage-backed securities ("RMBS"), including MBIA's exposure to CDOs comprised of other CDOs (so-called "CDO-squared securities") containing RMBS.  The Consolidated Complaint further alleged that the price of MBIA common stock was artificially inflated as a result of Defendants' allegedly false

and misleading statements and omissions, and declined when the truth about MBIA's exposure to the CDO-squared securities in its portfolio was revealed.

      E.      On January 30, 2009, Defendants served a motion to dismiss the Consolidated Complaint; on March 16, 2009, Lead Plaintiff served its opposition brief; and on April 7, 2009, Defendants served and filed their reply brief.  Following a hearing on March 5, 2010, the Court issued an Opinion and Order on March 31, 2010 denying in part and granting in part Defendants' motion to dismiss.  The Court largely sustained Lead Plaintiff's claim under Section 10(b) of the Exchange Act against MBIA, but dismissed, with leave to amend, the claims against the Individual Defendants on the grounds that Lead Plaintiff had not sufficiently pled particular facts alleging that Dunton and Chaplin had acted with the requisite scienter.  The Court also dismissed, with leave to amend, claims against all Defendants regarding misstatements or omissions about MBIA's control rights and payment obligations regarding the CDOs.

      F.      On April 30, 2010, Lead Plaintiff filed its Second Consolidated Amended Class Action Complaint (the "Complaint" or the "SAC").  The SAC, like the Consolidated Complaint, asserted claims against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The SAC alleged claims substantially similar to those in the Consolidated Complaint but asserted several new allegations regarding the Individual Defendants' alleged recklessness in failing to disclose MBIA's exposure to the CDOs.

      G.      On September 3, 2010, the Individual Defendants filed a Renewed Motion to Dismiss the SAC.  On October 8, 2010, Lead Plaintiff filed its opposition to the motion, and on October 29, 2010, the Individual Defendants filed their reply brief.  The Court scheduled oral argument on the motion for July 28, 2011.

H.      In early 2011, the Parties agreed to explore the possibility of reaching a settlement agreement.  The Parties agreed to engage in mediation and, on April 1, 2011, Lead Plaintiff, Lead Counsel and Defendants, through counsel, participated in a full-day mediation session before Judge Daniel Weinstein (Ret.).  In advance of that session, the Parties exchanged detailed mediation statements, which addressed the issues of both liability and damages.  The session was also attended by the Parties' respective damages experts.   The session ended without any agreement being reached.

I.      Over the course of the next few months, Judge Weinstein conducted further separate discussions with the Parties and, in June, a second mediation session was scheduled for July.  In advance of the second session, the Parties exchanged detailed supplemental mediation statements.  The supplemental statements addressed both liability and damages.

J.      On July 7, 2011, the second mediation session with Judge Weinstein was held.  In addition to Lead Plaintiff and counsel for the Parties, their respective damages experts also attended.  At this session, Defendants made a presentation on liability and damages.  After a full day of negotiations, the Parties reached an agreement in principle to settle the Action, which was memorialized in a Term Sheet executed that day.

K.      As part of the agreement to settle, Lead Plaintiff obtained Defendants' agreement to provide due diligence discovery and reserved the right to withdraw from the proposed Settlement at any time prior to filing its motion for final approval of the proposed Settlement if, in its good faith discretion, it determines that information produced during the due diligence renders the proposed Settlement unfair, unreasonable or inadequate.

L.      Lead Plaintiff, through Lead Counsel, has conducted an investigation into the claims asserted in the Complaint, and is pursuing due diligence discovery relating to the claims

and the underlying events and transactions alleged in the Complaint.  Lead Counsel has analyzed

the evidence adduced during its investigation, including numerous witness interviews with

former MBIA employees and others, and has researched the applicable law with respect to the

claims of Lead Plaintiff and the Class against Defendants and the potential defenses thereto.

Additionally, the multiple mediation statements prepared and exchanged as well as the Parties'

respective presentations concerning liability and damages have provided Lead Plaintiff with a

detailed basis upon which to assess the relative strengths and weaknesses of its position and

Defendants' position.

M.      Based upon their investigation and prosecution of the Action, Lead Plaintiff and

Lead Counsel have concluded that the terms and conditions of this Stipulation are fair,

reasonable and adequate to Lead Plaintiff and the other members of the Class, and in their best

interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter along with

the input of Lead Counsel, Lead Plaintiff has agreed to settle the claims raised in the Action

pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial

benefits that Lead Plaintiff and the other members of the Class will receive from the resolution of

the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the

Settlement to be consummated as provided by the terms of this Stipulation.  This Stipulation

shall not be construed or deemed to be a concession by Lead Plaintiff of any infirmity in the

claims asserted in the Action.

N.      Each of the Defendants expressly denies any wrongdoing, and this Stipulation

shall in no event be construed as or deemed to be evidence of or an admission or concession on

the part of any of the Defendants with respect to any claim or of any fault or liability or

wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or

could have asserted.  Defendants expressly deny that Lead Plaintiff has asserted a valid claim as to any of them and deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  The Parties recognize, however, that the litigation has been filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the litigation is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff and Defendants, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, that all Settled Claims as against the Released Parties and all Released Parties' Claims shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)      "Action" means *In re MBIA, Inc., Securities Litigation*, Case No. 08-CV-264-KMK, and includes all actions consolidated therein pursuant to the Court's July 7, 2008 order.

(b)    "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Fund.

(d)    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Class Member must complete in order for that Claimant or Class Member to be eligible to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a person or entity that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Settlement Fund.

(g)    "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)    "Class" means all persons and entities who purchased or otherwise acquired MBIA common stock during the period from July 2, 2007 through and including January 9, 2008 (the "Class Period") and who were damaged thereby (the "Class").  Excluded from the Class are Defendants; the members of each Individual Defendant's Immediate Family; MBIA's current or former Section 16 Officers or directors; MBIA's past or present parents, subsidiaries or affiliates and each of their current or former Section 16 Officers, directors,

partners, or members; any entity in which any Defendant has or had a controlling interest; and the legal representatives, heirs, beneficiaries, successors or assigns of any such excluded party. Also excluded from the Class are any persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" means a person or entity that is a member of the Class and does not exclude himself, herself or itself by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(k)     "Class Period" means the period from July 2, 2007 through and including January 9, 2008.

(l)     "Complaint" or "SAC" means the Second Consolidated Amended Class Action Complaint filed by Lead Plaintiff in the Action on April 30, 2010.

(m)    "Court" means the United States District Court for the Southern District of New York.

(n)     "Defendants" means MBIA Inc., Gary C. Dunton and C. Edward Chaplin.

(o)     "Defendants' Counsel" means Debevoise & Plimpton LLP.

(p)      "Effective Date" means the first date by which all of the events and conditions specified in ¶ 30 of the Stipulation have been met and have occurred.

(q)     "Escrow Account" means an account maintained at Valley National Bank, Wayne, New Jersey Branch, to hold the Settlement Fund, which account, subject to the Court's supervisory authority, shall be under the control of Lead Counsel.

(r)      "Escrow Agent" means Valley National Bank.

(s)      "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)      "Final," with respect to any order or judgment, including the Judgment or, if applicable, the Alternative Judgment means: (a) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Civil Procedure, i.e., thirty (30) days after entry of the order or judgment; or (b) if there is an appeal from the order or judgment, the date of (i) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the order or judgment, or (ii) the date the order or judgment is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the order or judgment, and, if certiorari or other form of review is granted, the date of final affirmance of the order or judgment following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation, shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment from becoming Final

(u)      "Immediate Family" means an individual's spouse, parents, siblings, children, grandparents, grandchildren; the spouses of his or her parents, siblings and children; and the parents and siblings of his or her spouse, and includes step and adoptive relationships.  In this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic partnership or civil union.

(v)      "Individual Defendants" means Gary C. Dunton and C. Edward Chaplin.

(w)   "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)   "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(y)   "Lead Plaintiff" means the Teachers' Retirement System of Oklahoma.

(z)   "Litigation Expenses" means costs and expenses incurred in connection with commencing and prosecuting the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa)   "MBIA" or the "Company" means MBIA Inc.

(bb)   "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(cc)   "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be sent to members of the Class.

(dd)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with (i) providing notice to the Class; and (ii) administering the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(ee)   "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Class.

(ff)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(gg)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing notice be provided to the Class.

(hh)    "Released Parties" means any and all of the Defendants; MBIA's predecessors, successors, past, present or future parents, and subsidiaries, and each of their and MBIA's respective past or present officers, directors, partners, principals, members, and employees; the Individual Defendants' respective Immediate Family members, heirs, executors, personal representatives, estates and administrators; and all of the Defendants' respective assigns, attorneys, auditors, accountants, insurers, and representatives.

(ii)    "Released Parties' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action (including in the cases consolidated in the Action), except for claims relating to enforcement of the Settlement.  For the avoidance of doubt, the Released Parties' Claims do not include any other claims by MBIA against Class Members with whom MBIA currently has a dispute and the release of the Released Parties' Claims will not release or otherwise impact such claims.

(jj)    "Section 16 Officers" means all persons covered by the definition of "officer" under Rule 16a-1(f) of the Securities Exchange Act of 1934.

(kk)    "Settled Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under

11

federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of MBIA common stock during the Class Period.  The Settled Claims do not include claims relating to the enforcement of the Settlement.

(ll)    "Settlement" means the proposed settlement as set forth in this Stipulation.

(mm) "Settlement Amount" means the sum of sixty-eight million dollars ($68,000,000) in cash.

(nn)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(oo)    "Settlement Hearing" means the hearing to be set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(pp)    "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(qq)    "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(rr)    "Unknown Claims" means any Settled Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims which any Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment or, if applicable, the Alternative Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and each of the Defendants acknowledge, and each of the other Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.    Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Lead

13

Plaintiff the Teachers' Retirement System of Oklahoma as Class Representative; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Lead Plaintiff will move for preliminary approval of the Settlement and certification of the Class for settlement purposes only, which motion shall be unopposed by Defendants. In connection with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Defendants, and shall fully and finally release any and all Settled Claims as against all Released Parties and shall also release any and all Released Parties' Claims as against Lead Plaintiff, Lead Counsel, all other plaintiffs in the cases consolidated in the Action, their respective attorneys, and any other Class Members in their capacity as shareholders of the Company with respect to the institution, prosecution or settlement of the claims against the Defendants in the Action and/or the losses alleged therein.

5.      Pursuant to the Judgment, upon the Effective Date, Lead Plaintiff and each of the other members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Settled Claim, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party.

6.     Pursuant to the Judgment, upon the Effective Date, each of the Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Lead Plaintiff, Lead Counsel, all other plaintiffs in the cases consolidated in the Action, their respective attorneys, and any other Class Members in their capacity as shareholders of the Company with respect to the institution, prosecution or settlement of the claims against the Defendants in the Action and/or the losses alleged therein.

## THE SETTLEMENT CONSIDERATION

7.     In consideration of the Settlement of the Settled Claims against Defendants and the other Released Parties, Defendants shall pay or cause to be paid, by one or more checks or wire transfers, a total of sixty-eight million dollars ($68,000,000) in cash, such amount to be deposited into the Escrow Account within the later of twenty (20) business days of (a) entry of the Preliminary Approval Order, or (b) receipt by Defendants' Counsel from Lead Counsel of wiring or other instructions necessary for such payment, an executed W-9 for the Settlement Fund and payee name and address for delivery of payment by check.  Receipt of a check within the twenty-day period shall be deemed compliant, notwithstanding that there may be a subsequent period of time before a check clears.

## VOLUNTARY DISMISSAL OF CLAIMS

8.     Within three (3) business days of entry of the Preliminary Approval Order, Lead Plaintiff shall file a notice of voluntary dismissal with prejudice of claims asserted in the Complaint against the Individual Defendants substantially in the form attached as Exhibit C (the

"Notice of Dismissal").  In consideration of the filing of the Notice of Dismissal, the Individual

Defendants hereby agree that any statute of limitations, statute of repose or other time-related

defense, whether statutory, contractual or otherwise, with respect to any and all claims that were

asserted, or could have been asserted against them in the Action, is tolled from the date of filing

of the Notice of Dismissal and, should the Settlement not be approved or the Effective Date

otherwise fail to occur, the Individual Defendants shall be reinstated without objection as

Defendants in the Action and they and Lead Plaintiff shall revert to their respective positions in

the Action immediately prior to July 7, 2011.  In the event that the Individual Defendants are

reinstated as Defendants and, if their Renewed Motion to Dismiss the Complaint has been

removed from the docket, Lead Plaintiff agrees that it will not object to reinstatement of the

motion.  For the avoidance of doubt, notwithstanding anything to the contrary in this Stipulation,

the terms of this paragraph shall survive and be enforceable in the event that the Settlement is not

approved or the Effective Date of the Settlement otherwise fails to occur.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes, (b) any Notice and

Administration Costs, (c) any Litigation Expenses awarded by the Court; and (d) any attorneys'

fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net

Settlement Fund, shall be distributed to Authorized Claimants as provided below

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement

Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the

Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the

jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to

the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest

any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances of less than $250,000 may be invested in money market mutual funds comprised exclusively of investments secured by the full faith and credit of the United States.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in a non-interest bearing account that is fully insured by the FDIC.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided below.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Upon written request, Defendants will provide promptly to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the

earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior Order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants and their insurers shall be indemnified out of the Settlement Fund for any tax liability they may have in connection with the Settlement Fund.

13.     This is not a claims-made settlement.  Upon the occurrence of the Effective Date, neither Defendants, their insurance carriers, nor any other person or entity who or which paid any portion of the Settlement Amount on Defendants' behalf, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those members of the Class at the address of each such person or entity as set forth in the records of MBIA or its transfer agent(s), or who

18

otherwise may be identified through further reasonable effort.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  For the purpose of identifying and providing notice to the Class, within five (5) business days of the date of entry of the Preliminary Approval Order, MBIA shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiff, Lead Counsel or the Claims Administrator) its shareholder records (consisting of shareholder names and addresses), in electronic form.

15.     Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred up to the amount of $250,000.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to the beneficial owners of MBIA common stock, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted Claims, and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other person or entity who or which paid any portion of the Settlement Amount on their behalf.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses.  No Defendant nor any other Released Party shall take

any position with respect to Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses.  Such matters are not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

17.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon the latter of entry of final judgment or entry of an order awarding attorneys' fees and expenses, notwithstanding the existence of any timely filed objections or the potential for appeal therefrom or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.  Lead Counsel and all its partners agree to be subject to the Court's continuing jurisdiction with respect to any obligation to repay fees, and agree jointly and severally to repay all fees advanced to them in the event of an order to that approval of the Settlement is reversed on appeal or otherwise overturned or subjected to a successful collateral attack.

## CLAIMS ADMINISTRATOR

18.     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying claims under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than MBIA's obligation to provide its shareholder records as provided herein, none of the Defendants shall have any responsibility whatsoever for the administration of the Settlement or the claims process and shall have no liability whatsoever to any person, including, but not limited to, Lead Plaintiff, any other Class Members or Lead Counsel in connection with such administration.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

20.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  No Defendant nor any other Released Party shall have any involvement in or responsibility or liability whatsoever for the Plan of Allocation or the allocation of the Net Settlement Fund.

21.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, if applicable, the Alternative Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Settled Claim.

22.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund.  No Defendant nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  No Defendant nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

23.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by

Order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, if applicable, the Alternative Judgment and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim. Provided that it is received before the motion for the Class Distribution Order is filed, a Claim Form shall be deemed to be submitted when mailed, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

c.      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

d.      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a

review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

      e.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

      f.     The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

24.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

25.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the

Settlement from the Escrow Account, and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

26.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, if applicable, the Alternative Judgment to be entered in this Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Settled Claims.

27.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## TERMS OF THE JUDGMENT

28.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form annexed hereto as Exhibit B.

## DUE DILIGENCE

29.     The Settlement is subject to the completion of reasonable due diligence by Lead Plaintiff.  In connection with this due diligence, among other things, Defendants shall produce documents and information regarding the allegations and claims asserted in the Complaint to Lead Counsel, and Defendants (as well as other MBIA employees or other persons within Defendants' control) shall also sit for interviews with Lead Counsel if requested.  The due diligence shall be for the sole purpose of assessing the reasonableness and adequacy of the

Settlement, the scope and timing of which shall be reasonable and mutually agreed upon by the

Parties.  Lead Plaintiff, by and through Lead Counsel, shall have the right to withdraw from the

proposed Settlement at any time prior to filing its motion for final approval of the proposed

Settlement if, in its good faith discretion, it determines that the information produced during the

due diligence renders the proposed Settlement unfair, unreasonable and inadequate.  In the event

of such withdrawal, Lead Counsel shall provide written notice to Defendants and the termination

provisions set forth below shall apply, unless otherwise agreed to by the Parties.

## CONDITIONS OF SETTLEMENT AND EFFECT OF TERMINATION

30.     The Effective Date of the Stipulation shall be conditioned on the occurrence or

waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the

form set forth in Exhibit A annexed hereto;

(b)     the Settlement Amount has been deposited in the Escrow Account in

accordance with the provisions of ¶ 7 hereof;

(c)     Defendants have not exercised their right to terminate the Stipulation

pursuant to ¶¶ 31 or 32 hereof;

(d)     Lead Plaintiff has not exercised its right to terminate the Stipulation

pursuant to ¶¶ 29 or 31; and

(e)     the Court has entered a Judgment, substantially in the form set forth in

Exhibit B annexed hereto, and the Judgment has become Final, or the Court has entered an

Alternative Judgment and none of the Parties elect to terminate the Settlement and the

Alternative Judgment has become Final.

31.     Defendants, provided they unanimously agree, and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other parties to this Stipulation within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any part of it that materially affects any party's rights or obligations hereunder; (c) the Court's declining to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of the Judgment or Alternative Judgment and shall not be grounds for termination.

32.     In addition to the grounds set forth in ¶ 31, Defendants, provided they unanimously agree, shall have the option to terminate the Settlement and this Stipulation in the event that Class Members requesting exclusion from the Class meet the conditions set forth in a confidential supplemental agreement between the Parties that is being executed concurrently with this Stipulation (the "Supplemental Agreement"). The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice) unless and until the Court requires the Parties to file the Supplemental Agreement or disclose its terms or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application.  If submission of the Supplemental

Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Supplemental Agreement submitted to the court *in camera*.

33.     Except as otherwise provided herein, in the event that the Settlement is terminated, the Settlement and this Stipulation shall be null and void, and without prejudice, and none of their terms shall be effective or enforceable and the fact of the Settlement shall not be admissible in any trial of this Action, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to July 7, 2011 and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement consideration previously paid or caused to be paid by Defendants, together with any interest earned thereon, less any Taxes paid or due with respect to such income, and less any Notice and Administration Costs actually incurred and paid or payable, shall be returned to the persons or entities that funded the Settlement within fifteen (15) business days after joint written notification of such event by Defendants' Counsel and Lead Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement.

## NO ADMISSION OF WRONGDOING

34.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.     shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the

Released Parties in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

b.       shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Lead Plaintiff or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

c.       shall not be offered or received against any of the Released Parties, or against Lead Plaintiff or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Parties, or against Lead Plaintiff or any other Class Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants, any other Released Parties, Lead Plaintiff and the other Class Members may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

d.       shall not be construed against any of the Released Parties, Lead Plaintiff or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

e.     shall not be construed against Lead Plaintiff or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

35.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

36.     Each of the Defendants warrants that, as to the payments made or to be made by or on behalf of him or it,  at the time of entering into this Stipulation and at the time of such payment he or it was not insolvent, nor will the payment required to be made by or on behalf of him or it render him or it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

37.     If a case is commenced in respect of any of the Defendants or any other person or entity contributing funds to the Settlement Fund on behalf of Defendants under Title 11 of the United States Code (Bankruptcy), or if a trustee, receiver, conservator or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or, if applicable, the Alternative Judgment, entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, which releases and Judgment, or Alternative Judgment, shall

be null and void, and the parties shall be restored to their respective positions in the Action immediately prior to July 7, 2011, and any cash amounts in the Settlement Fund shall be returned as provided in ¶ 33 above.

38.     The Parties intend this Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiff, any other Class Members and their attorneys against all Released Parties with respect to all Settled Claims.  Accordingly, Lead Plaintiff and its counsel and each Defendant and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  The Parties shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of this Action.  The Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's-length in good faith by the Parties, including at a mediation conducted by a former judge, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

39.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants, including their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith nor will they deny that the Action was commenced and prosecuted in good faith and that it is being settled voluntarily after consultation with competent legal counsel. Likewise, Lead Plaintiff and its counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was defended in bad faith nor will they deny that it was defended in good faith and that it is being settled voluntarily after consultation with competent counsel.  In all events, Lead Plaintiff, including its counsel, and

31

Defendants, including their counsel, shall not make any accusations of wrongful or actionable conduct by either party concerning the prosecution, defense and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

40.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all signatories hereto or their successors-in-interest.

41.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

42.     The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation.

43.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

44.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties concerning this Settlement, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation, its exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.

45.     This Stipulation may be executed in one or more original and/or faxed or emailed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the signatories of this Stipulation shall exchange among themselves original signed counterparts.

46.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

47.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

48.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

49.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

50.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and this Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

51.     If any party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand

33

delivery or facsimile transmission with confirmation of receipt.   Notice shall be provided as follows:

|  |  |
|---|---|
| If to Lead Plaintiff: or Lead Counsel | Bernstein Litowitz Berger & Grossmann LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Attn: Steven B. Singer, Esq. |
| If to Defendants MBIA, Dunton or Chaplin: | Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 909-6000<br>Facsimile:  (212) 909-6836<br>Attn:  Robert N. Shwartz, Esq. |

DATED:   New York, New York
September 6, 2011

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____

Steven B. Singer
Beata Gocyk-Farber
Kurt Hunciker
John Rizio-Hamilton
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444

*Lead Counsel for Lead Plaintiff
and the Class*

34

DEBEVOISE & PLIMPTON LLP

By: _____
        Robert N. Shwartz
        Jeremy Feigelson
        919 Third Avenue
        New York, New York 10022
        Telephone: (212) 909-6000
        Facsimile: (212) 909-6836

*Counsel for Defendants MBIA, Gary C. Dunton*
*and C. Edward Chaplin*

# 561760

35

# Exhibit A

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE MBIA, INC., SECURITIES LITIGATION | File No. 08-CV-264-KMK |

[PROPOSED] ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re MBIA, Inc. Securities Litigation*, Case No. 08-CV-264-KMK (the "Action"); and

WHEREAS, Lead Plaintiff the Teachers' Retirement System of Oklahoma, on behalf of itself and the Class (defined below), and Defendants MBIA Inc. ("MBIA" or the "Company"), Gary C. Dunton and C. Edward Chaplin (together, the "Individual Defendants"; and together with MBIA, the "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 6, 2011 (the "Stipulation") subject to approval of this Court (the "Settlement"); and

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Class for purposes of the Settlement only, and allowing notice to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered (a) the Second Consolidated Amended Class Action Complaint, filed in this Action on April 30, 2010; (b) Lead Plaintiff's motion for

preliminary approval of the Settlement, and the papers filed and arguments made in connection

therewith; and (c) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall

have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3)

of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating

the proposed Settlement, a Class consisting of all persons and entities who purchased or

otherwise acquired MBIA common stock during the period from July 2, 2007 through and

including January 9, 2008 (the "Class Period"), and who were damaged thereby (the "Class").

Excluded from the Class are the Defendants; the members of each Individual Defendant's

Immediate Family; MBIA's current or former Section 16 Officers or directors; MBIA's past or

present parents, subsidiaries or affiliates and each of their current or former Section 16 Officers,

directors, partners, or members; any entity in which any Defendant has or had a controlling

interest; and the legal representatives, heirs, beneficiaries, successors or assigns of any such

excluded party.  Also excluded from the Class is any person or entity who or which properly

excludes himself, herself, or itself by filing a valid and timely request for exclusion in

accordance with the requirements set forth in the Notice to be sent to Class Members pursuant to

this Order**.**

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action,

the Court finds that each element required for certification of the Class pursuant to Rule 23 of the

Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous

that their joinder in the Action would be impracticable; (b) there are questions of law and fact

common to the Class which predominate over any individual questions; (c) the claims of Lead

Plaintiff in the Action are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel

have fairly and adequately represented and protected the interests of the Class; and (e) a class

action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal

Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff the

Teachers' Retirement System of Oklahoma is an adequate class representative and certifies it as

Class Representative for the Class.  The Court also appoints Lead Counsel as Class Counsel.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily

approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate

as to the Class Members, subject to further consideration at the Settlement Hearing to be

conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement

Hearing") on _____, 2011 at __:__ _.m. in Courtroom 521 of The Hon. Charles L.

Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains,

New York, 10601, for the following purposes: (a) to determine whether the proposed Settlement

on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the

best interests of the Class and should be approved by the Court; (b) to determine whether a

Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered

dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed

Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be

approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees

and reimbursement of Litigation Expenses should be approved; and (e) to consider any other

matters that may properly be brought before the Court in connection with the Settlement.  Notice
of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in
Paragraph 7 of this Order.

6.       The Court may adjourn the Settlement Hearing and approve the proposed
Settlement with such modifications as the Parties may agree to, if appropriate, without further
notice to the Class.

7.       **Retention of Claims Administrator and Manner of Notice** – Lead Counsel is
hereby authorized to retain The Garden City Group, Inc. (d/b/a GCG, Inc.) (the "Claims
Administrator") to supervise and administer the notice procedure as well as the processing of
Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall
be given by Lead Counsel as follows:

(a)       not later than fifteen (15) business days after entry of this Order (the
"Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form,
substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"),
to be mailed by first-class mail to Class Members at the addresses set forth in the records of the
MBIA or its transfer agent(s), or who otherwise may be identified through further reasonable
effort;

(b)       within five (5) business days of the date of entry of this Order, MBIA shall
provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund,
Lead Plaintiff, Lead Counsel or the Claims Administrator) its shareholder records (consisting of
shareholder names and addresses), in electronic form identifying all persons or entities who held
MBIA common stock during the Class Period;

(c)     not later than ten (10) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire*; and

(d)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 7 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases contained therein) and of their right to object to the proposed Settlement and appear at the Settlement Hearing, or exclude themselves from the Class; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or acquired MBIA common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

10.     **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit the Claim Form approved by this Order in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, as defined in the Notice; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Claims against each and all of the Released Parties, as more fully described in the Stipulation and Notice.

13.   **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing, to:   *In re MBIA Inc. Securities Litigation*, EXCLUSIONS, c/o GCG, Inc., P.O. Box 9810, Dublin, Ohio 43017-5710, and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *In re MBIA Inc. Securities Litigation*, File No. 08-CV-264-KMK"; (iii) state the number of shares of MBIA common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.   Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.   Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the

Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternative Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Claims against any of the Released Parties, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Fairness Hearing** – Any Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel listed in the Notice such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any member of the Class who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection in the manner provided in the Notice such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing on each of the following:

Steven B. Singer, Esq.                          Robert N. Shwartz, Esq.
Bernstein Litowitz Berger &                     Debevoise & Plimpton LLP
   Grossmann LLP                 919 Third Avenue
1285 Avenue of the Americas                     New York, NY 10022
New York, NY 10019

18.     Any objections, filings and other submissions by the objecting Class Member
(a) must contain a statement of his, her or its objection, as well as the specific reasons for each
objection, including the legal and evidentiary support the Class Member wishes to bring to the
Court's attention; and (b) must include documents sufficient to prove the number of shares of
MBIA common stock purchased/acquired and/or sold during the Class Period, as well as the
dates and prices of each such purchase and sale.

19.     Any member of the Class who does not make his, her or its objection in the
manner provided herein shall be deemed to have waived his, her or its right to object to the
Settlement, the Plan of Allocation and the motion for attorneys' fees and reimbursement of
Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness,
reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys'
fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan
of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other
proceeding.

20.     **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the
Action other than proceedings necessary to carry out or enforce the terms and conditions of the
Stipulation.  Pending the Settlement Hearing, the Court enjoins Lead Plaintiff and all other Class
Members from commencing or prosecuting, either directly, indirectly, representatively or in any
other capacity, any and all of the Settled Claims against each and all of the Released Parties.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Stipulation does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiff, the Class Members and Defendants, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to July 7, 2011, as provided in the Stipulation.

25.     **Use of this Order** – This Order, the proposed Settlement, the Stipulation and any and all of their respective terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as or offered or received against any of the

Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Defendant as to any liability, negligence, fault, wrongdoing on its or his part or the validity of any claim by Lead Plaintiff or the merits of any of its defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Lead Plaintiff or any Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Class or that the damages recoverable from Defendants would not have exceeded the Settlement Amount.

26.    **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement no later than thirty-five (35) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2011.

_____
The Honorable Kenneth M. Karas
United States District Judge

# 562887

12

# Exhibit A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MBIA, INC., SECURITIES LITIGATION | File No. 08-CV-264-KMK |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by a class action lawsuit (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if, during the period from July 2, 2007 through and including January 9, 2008 (the "Class Period"), you purchased or otherwise acquired the common stock of MBIA Inc. ("MBIA" or the "Company") and were damaged thereby.

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, the Teachers' Retirement System of Oklahoma ("Lead Plaintiff"), on behalf of itself and the Class (as defined in ¶ 26 below), has reached a proposed settlement of the Action for a total of $68 million in cash that, if approved, will resolve all claims in the Action.[1]

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a Class Member, your legal rights will be affected whether or not you act.**

1.      **Description of the Action and Class:**  This Notice relates to a proposed Settlement of claims in a pending class action lawsuit brought by investors alleging that the price of MBIA common stock was artificially inflated during the Class Period as a result of allegedly material false statements and omissions by Defendant MBIA and the Individual Defendants Gary C. Dunton and C. Edward Chaplin (together with MBIA, the "Defendants") regarding the nature and extent of MBIA's exposure to certain collateralized debt obligations.  The proposed Settlement, if approved by the Court, will settle claims of all persons and entities who purchased or otherwise acquired MBIA common stock during the Class Period (i.e., from July 2, 2007 through and including January 9, 2008), and who were damaged thereby (the "Class"), except for certain persons and entities who are excluded from the Class by definition (_see_ ¶ 26 below) or who validly elect to exclude themselves from the Class (_see_ ¶¶ 76-79 below).

2.      **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully below, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle all claims based on the purchase or acquisition of MBIA common stock that were or could have been asserted against Defendants in the Action in

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated September 6, 2011 (the "Stipulation"), which is available on the website established for the Settlement at www._____.com and on Lead Counsel's website www.blbglaw.com.

exchange for a settlement payment of $68,000,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __ - __ below.

3.       **Estimate of Average Amount of Recovery Per Share:**   Lead Plaintiff's damages expert estimates that approximately 95,879,000 shares of MBIA common stock purchased during the Class Period may have been affected by the conduct at issue in the Action.  If all Class Members elect to participate in the Settlement, the estimated average recovery per affected share of MBIA common stock would be approximately $0.71 before deduction of Court-awarded attorneys' fees and expenses and the costs of providing notice and administering the Settlement.  Class Members should note, however, that this is only an estimate based on the overall number of potentially affected shares.   Some Class Members may recover more or less than the estimated amount per share.

4.       **Statement of Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Defendants do not agree with the assertion that they engaged in any actionable conduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.       **Statement of Attorneys' Fees and Expenses Sought:**   The Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, which has been prosecuting the Action on a wholly contingent basis since its inception in 2008, has not received any payment of attorneys' fees for its representation of the Class and has advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in the amount of 22% of the Settlement Fund.  In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $750,000, which may include the reasonable costs and expenses of Lead Plaintiff directly related to the representation of the Class.  If the Court approves Lead Counsel's fee and expense application, the average cost per affected share of MBIA common stock will be approximately $0.16.

6.       **Identification of Attorneys' Representative:**    Lead Plaintiff and the Class are being represented by Steven B. Singer, Esq., of Bernstein Litowitz Berger & Grossmann LLP.  Any questions regarding the Settlement should be directed to Mr. Singer at Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com.

7.       **Reasons for the Settlement:**   Lead Plaintiff's principal reason for entering into the Settlement is the substantial cash benefit payable to the Class now, without further risk or the delays inherent in further litigation.  The significant cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial and likely appeals, a process that could last several years into the future.  For Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for entering into the Settlement is to eliminate the expense, risks, and uncertainty of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2012** | This is the only way to be eligible to get a payment from the Settlement.  If you are a Class Member and you remain in the Class, you will be bound by the |

|  | Settlement as approved by the Court and you will give up any Settled Claims (as defined in ¶ 67 below) that you have against Defendants and the other Released Parties (defined in ¶ 68 below), so, if you remain in the Class, it is in your interest to submit a Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2011.** | If you exclude yourself from the Class, you will not be eligible to get any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the Settled Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2011.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request, unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON _____, 2011 AT _:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2011.** | Filing a written objection and notice of intention to appear by _____, 2011 allows you to speak in Court about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Claim Form postmarked by _____, 2012, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?  Page __

What Is This Case About?  What Has Happened So Far?  Page __

How Do I Know If I Am Affected By The Settlement?  Page __

What Are Lead Plaintiff's Reasons For The Settlement?  Page __

What Might Happen If There Were No Settlement?  Page __

How Much Will My Payment Be?  Page __

What Rights Am I Giving Up By Remaining In The Class?  Page __

What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid?  Page __

How Do I Participate In The Settlement?  What Do I Need To Do?                     Page __
What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself?  Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing? May I Speak At The Hearing If I
   Don't Like The Settlement?                                                      Page __
What If I Bought Shares On Someone Else's Behalf?                                  Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?              Page __

---

### WHY DID I GET THIS NOTICE?

---

8.     This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired MBIA common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed the Teachers' Retirement System of Oklahoma to serve as "Lead Plaintiff" under a federal law governing lawsuits such as this one, and has approved Lead Plaintiff's selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP to serve as Lead Counsel in the Action.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself?," on page __ below.)

10.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re MBIA, Inc., Securities Litigation*, File No. 08-CV-264-KMK.  The Judge presiding over this case is The Honorable Kenneth M. Karas, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the plaintiff is referred to as the Lead Plaintiff, on behalf of itself and the Class and the Defendants are MBIA and the Individual Defendants.  If the Settlement is approved, it will resolve all claims in the Action by Class Members against Defendants and will bring the Action to an end.

11.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").

12.     The Settlement Hearing will be held on _____, 2011 at _:__ p.m., before The Honorable Kenneth M. Karas, at The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601 to determine:

(a)    whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b)    whether the Settled Claims against the Defendants and the other Released Parties should be dismissed with prejudice as set forth in the Stipulation;

(c)    whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(d)    whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

13.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

---

### WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

---

14.    The Action is a class action alleging violations of federal securities law by Defendants.

15.    Beginning on January 11, 2008, three class action complaints were filed in the United States District Court for the Southern District of New York, entitled *Schmalz v. MBIA, Inc., et al.*, Case No. 08-CV-264 (KMK), *Teamsters Local 807 Labor Management Pension Fund v. MBIA Inc., et al.*, Case No. 08-CV-1845 (KMK), and *Kosseff v. MBIA, Inc., et al.*, Case No. 08-CV-2362 (KMK).  In July 2008, the Court ordered that these cases be consolidated and recaptioned as *In re MBIA, Inc., Securities Litigation*, Case No. 08-CV-264-KMK; appointed the Teachers' Retirement System of Oklahoma as Lead Plaintiff for the Action; and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

16.    Lead Counsel conducted an investigation that included, among other things, a review of MBIA's filings with the United States Securities and Exchange Commission, analyst research reports, investor presentations, news articles concerning MBIA and other public data; interviews of former MBIA employees; and legal analysis of the claims against Defendants and their potential defenses.

17.    On October 17, 2008, Lead Plaintiff filed its Consolidated Amended Class Action Complaint (the "Consolidated Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Consolidated Complaint alleged that Defendants made materially false and misleading statements and omissions about, among other things,  the nature and extent of MBIA's exposure to collateralized debt obligations ("CDOs") containing residential mortgage-backed securities ("RMBS"), including MBIA's exposure to CDOs comprised of other CDOs (so-called "CDO-squared securities") containing RMBS.  The Consolidated Complaint further alleged that the price of MBIA common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the truth about MBIA's exposure to the CDO-squared securities in its portfolio was revealed.

18.    On January 30, 2009, the Defendants moved to dismiss the Consolidated Complaint.  The motion was fully briefed, and following a hearing on March 5, 2010, the Court issued an Opinion and Order on March 31, 2010 denying in part and granting in part Defendants' motion to dismiss.  The Court largely sustained Lead Plaintiff's claim under Section 10(b) of the Exchange Act against MBIA, but dismissed, with leave to amend, the claims against the Individual Defendants on the grounds that Lead Plaintiff had not sufficiently pled particular facts alleging that the Individual Defendants had acted with the intent or recklessness required by the

statute.  The Court also dismissed, with leave to amend, certain claims against all Defendants regarding misstatements or omissions about MBIA's control rights and payment obligations on the CDOs.

19.     On April 30, 2010, Lead Plaintiff filed its Second Consolidated Amended Class Action Complaint (the "Complaint").  Like the Consolidated Complaint, the Complaint asserted claims against MBIA and the Individual Defendants under Section 10(b) of the Exchange Act and Rule 10b-5, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleged claims substantially similar to those in the Consolidated Complaint but asserted several new allegations regarding the Individual Defendants' alleged recklessness in failing to disclose MBIA's exposure to the CDOs.

20.     On September 3, 2010, the Individual Defendants filed a Renewed Motion to Dismiss the Complaint, which Lead Plaintiff opposed on October 8, 2010.

21.     On April 1, 2011, Lead Plaintiff, Lead Counsel and Defendants, through counsel, participated in a full-day mediation session before Judge Daniel Weinstein (Ret.).  No settlement was reached at the conclusion of that April 1, 2011 session.  On July 7, 2011, the Parties participated in a second mediation session with Judge Weinstein.  After a full day of negotiations, the Parties reached an agreement in principle to settle the Action.

22.     As part of the agreement to settle, Lead Plaintiff obtained Defendants' agreement to provide due diligence discovery and reserved the right to withdraw from the proposed Settlement at any time prior to filing its motion for final approval of the proposed Settlement if, in its good faith discretion, it determines that information produced during the due diligence renders the proposed Settlement unfair, unreasonable or inadequate.

23.     Lead Plaintiff through Lead Counsel has conducted an investigation into the claims asserted in the Complaint, and is pursuing due diligence discovery relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel has analyzed the evidence adduced during its investigation, including numerous witness interviews with former MBIA employees and others, and has researched the applicable law with respect to the claims of Lead Plaintiff and the other members of the Class against Defendants and the potential defenses thereto.  Additionally, the multiple mediation statements prepared and exchanged as well as the Parties' respective presentations concerning liability and damages have provided Lead Plaintiff with a detailed basis upon which to assess the relative strengths and weaknesses of its position and Defendants' position.

24.     On _____, 2011, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

25.     On _____, 2011, pursuant to the terms of the Stipulation, Lead Plaintiff filed a notice of voluntary dismissal with prejudice of the claims asserted in the Complaint against the Individual Defendants (the "Notice of Dismissal").  In consideration of the filing of the Notice of Dismissal, the Individual Defendants agreed to, among other things, their reinstatement without objection as defendants in the Action, if the Settlement is not approved by the Court or the Effective Date otherwise does not occur.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |

26.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of:

> All persons or entities who purchased or otherwise acquired MBIA common stock during the period from July 2, 2007 through and including January 9, 2008 and were damaged thereby.

6

Excluded from the Class are the Defendants; the members of each Individual Defendant's Immediate Family; MBIA's current or former Section 16 Officers or directors; MBIA's past or present parents, subsidiaries or affiliates and each of their current or former Section 16 Officers, directors, partners, or members; any entity in which any Defendant has or had a controlling interest; and the legal representatives, heirs, beneficiaries, successors or assigns of any such excluded party.  The Class also does not include those persons and entities who timely request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself?," on page __ below).

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2012.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
| --- |

27.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages at trial that this Action presented.  Lead Plaintiff and Lead Counsel have taken into account the possibility that claims asserted in the Complaint might have been dismissed in response to the Individual Defendants' renewed motion to dismiss or Defendants' anticipated motions for summary judgment, and have also considered issues that would have been decided by a jury in the event of a trial of the Action, including whether Defendants acted with the requisite mental state to mislead investors, and whether all of the Class Members' losses were caused by the alleged misrepresentations and the amount of damages.  Lead Plaintiff and Lead Counsel considered arguments advanced by Defendants including that all required disclosures had been made; that if there were any omissions it was the result of negligence as opposed to an intent to defraud; and, that even if liability were established, the amount of damages that could be attributed to the misrepresentations would be hotly contested.

28.     Lead Plaintiff and Lead Counsel also considered there to be a substantial risk that, even if they were successful in establishing liability at trial and prevailed on the appeals that were certain to be taken, Defendants would not have been able to pay an amount significantly larger than the Settlement Amount or even as much as the Settlement Amount.  Defendants' ability to pay an amount significantly larger than the Settlement Amount, or even as much as the Settlement Amount, years into the future after a trial and all appeals were resolved was a particularly significant risk in this Action because MBIA lost its triple-A rating in 2008 and the insurance coverage available to satisfy a judgment in the Action was a wasting asset that would have been seriously depleted, if not exhausted, by the continuing costs of this Action and the other litigation involving MBIA.

29.     In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $68,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

30.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any Defendant's wrongdoing.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

31.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

32.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

33.    Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid sixty-eight million dollars ($68,000,000) in cash.  The Settlement Amount will be deposited into an interest-bearing escrow account.  The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members as set forth in the proposed plan of allocation (the "Plan of Allocation") or such other plan as the Court may approve.

34.    The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

35.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalves are entitled to get back any portion of the Settlement Fund once the Court's Order or Judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

36.    Approval of the Settlement is independent from approval of the plan of allocation.  Any determination with respect to the plan of allocation will not affect the Settlement, if approved.

37.    Only those Class Members who purchased or otherwise acquired MBIA common stock during the Class Period **AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES OR ACQUISITIONS** will be eligible to share in the distribution of the Net Settlement Fund.  Each person or entity wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class, and including all required documentation, postmarked on or before _____, 2012 to the address set forth in the Claim Form that accompanies this Notice.

38.    Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2012 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the

Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Settled Claims (as defined in paragraph 67 below) against the Released Parties (as defined in paragraph 68 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Settled Claims against any of the Released Parties regardless of whether or not such Class Member submits a Claim Form.

39.     Information Required on the Claim Form:  Among other things, each Claim Form must state and provide sufficient documentation for the Claimant's position in MBIA common stock as of the beginning of the Class Period, all transactions in MBIA common stock during the Class Period, and the Claimant's closing position in MBIA common stock on the date specified in the Claim Form.

40.     Participants and beneficiaries in the MBIA Inc. Employee 401(k) Plan and the MBIA Inc., Employees Pension Plan (the "MBIA ERISA Plans") should not include any information relating to their transactions within the plan in any Claim Form that they may submit in this Action.  Claims based on the MBIA ERISA Plans' purchases or acquisitions of MBIA Common Stock during the Class Period may be made by the plans' trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the plans, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the MBIA ERISA Plans.

41.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

42.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

43.     Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

44.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the amount of estimated alleged artificial inflation in the per share closing prices of MBIA Common Stock which purportedly was proximately caused by the alleged fraud.  In calculating the estimated alleged artificial inflation, Lead Plaintiff's damages expert considered price changes of MBIA common stock in reaction to certain public announcements regarding MBIA, adjusting for price changes that were attributable to market or industry forces, and the allegations in the Complaint and the evidence developed in support thereof, as advised by Lead Counsel.

45.     For purposes of this Plan of Allocation, Lead Plaintiff's damages expert has estimated the alleged artificial inflation in MBIA common stock as shown in Table A set forth at the end of this Notice.

46.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

47.     The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the

change in the level of alleged artificial inflation in the price of MBIA common stock at the time of purchase or acquisition and at the time of sale.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between July 2, 2007 through and including January 8, 2008, which had the effect of artificially inflating the prices of MBIA common stock.

48.     In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the MBIA common stock.  Alleged corrective disclosures that removed the artificial inflation from the prices of the common stock occurred on December 20, 2007, January 8, 2008 and January 9, 2008.  Accordingly, in order to have a Recognized Loss Amount:

(a)     MBIA common stock purchased or otherwise acquired from July 2, 2007 through December 19, 2007 must be held through the close of trading on December 19, 2007, the day prior to the first corrective disclosure;

(b)     MBIA common stock purchased or otherwise acquired on December 20, 2007 through and including January 7, 2008, must be held at least through the close of trading January 7, 2008, the day before the next corrective disclosure; and

(c)     MBIA common stock purchased or otherwise acquired on January 8, 2008 must be held at least through the close of trading on January 8, 2008, the day before the last corrective disclosure.

49.     To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

50.     Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of MBIA common stock during the Class Period that is listed in the Proof of Claim form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

51.     For each share of MBIA common stock purchased or acquired from July 2, 2007 through January 8, 2008, inclusive, and:

(a)     Sold prior to the close of trading on December 19, 2007, the Recognized Loss Amount is $0.00.

(b)     Sold at a loss from December 20, 2007 through the close of trading on January 8, 2008, the Recognized Loss Amount shall be ***the lesser of***:  (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase minus the amount of artificial inflation per share as set forth in Table A on the date of the sale; or (ii) purchase/acquisition price minus the sale price.

(c)     Sold at a loss from January 9, 2008 through the close of trading on April 7, 2008, the Recognized Loss Amount shall be ***the least of***:  (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price minus the average closing price between January 9, 2008 and the date of sale as shown on Table B.

(d)     Held as of the close of trading on April 7, 2008, the Recognized Loss Amount shall be ***the lesser of***:  (i) the amount of artificial inflation per share as set forth in Table A on the

date of purchase; or (ii) the purchase/acquisition price minus $13.29, the average closing price for the Common Stock between January 9, 2008 and April 7, 2008 (the last entry on Table B).

52.    For each share of MBIA common stock purchased or otherwise acquired on January 9, 2008, the Recognized Loss Amount shall be $0.00.

## ADDITIONAL PROVISIONS

53.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $20.00 or greater.

54.    Each Authorized Claimant shall recover his, her or its Recognized Claim.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, however, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

55.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

56.    If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

57.    If a Class Member has more than one purchase/acquisition or sale of MBIA common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any MBIA common stock held at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

58.    Purchases or acquisitions and sales of MBIA common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of MBIA common stock during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of MBIA common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of MBIA common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of MBIA common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of MBIA common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

59.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of MBIA common stock.  The date of a "short sale" is deemed to be the date of sale of MBIA common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in MBIA common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

60.    MBIA common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts are not securities eligible to participate in the Settlement.  With respect to MBIA common

stock purchased or sold through the exercise of an option, the purchase/sale date of the MBIA common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

61.     To the extent a Claimant had a market gain with respect to his, her or its overall transactions in MBIA common stock during the Class Period, the value of his, her or its Recognized Claim will be zero.  Such Claimants will in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her or its overall transactions in MBIA common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

62.     For purposes of determining whether a Claimant had a market gain with respect to his, her or its overall transactions in MBIA common stock during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[2] and (ii) the sum of the Sales Proceeds[3] and the Holding Value.[4]  This difference will be deemed a Claimant's market gain or loss with respect to his, her or its overall transactions in MBIA common stock during the Class Period.

63.     If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distribution and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the funds, including for such redistribution.  Additional redistributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $20.00 on such additional redistributions, subject to the conditions previously noted, may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistribution, after the deduction of any additional fees and expenses that would be incurred with respect to such redistributions, would be cost-effective.  At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organizations recommended by Lead Counsel and approved by the Court.

64.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, Defendants' Counsel, and the other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

---

[2] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all MBIA common stock purchased or acquired during the Class Period.

[3] The Claims Administrator shall match any sales of MBIA common stock during the Class Period, first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining MBIA common stock sold during the Class Period is the "Sales Proceeds."

[4] The Claims Administrator shall ascribe a value of $13.40 per share for MBIA common stock purchased or acquired during the Class Period and still held as of the close of business on January 9, 2008 (the "Holding Value").

65.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted to the settlement website, www._____.com.

| WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE CLASS? |
| --- |

66.     If you remain in the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and all other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged, and dismissed each and every Settled Claim (as defined in paragraph 67 below) against any Released Parties (as defined in paragraph 68 below) and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Party.

67.     "Settled Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of MBIA common stock during the Class Period.  The Settled Claims do not include claims relating to the enforcement of the Settlement.

68.     "Released Parties" means any and all of the Defendants; MBIA's predecessors, successors, past, present or future parents and subsidiaries, and each of their and MBIA's respective past or present officers, directors, partners, principals, members, and employees; the Individual Defendants' respective Immediate Family members, heirs, executors, personal representatives, estates and administrators; and all of the Defendants' respective assigns, attorneys, auditors, accountants, insurers, and representatives.

69.     "Unknown Claims" means any Settled Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims which any Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and each of the Defendants acknowledge, and each of the other Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

70.     The Judgment also will provide that, upon the Effective Date of the Settlement, each of the Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against the Defendants in the Action (including in the cases consolidated in the Action), and shall forever be enjoined from prosecuting any or all such claims, against Lead Plaintiff, Lead Counsel, all other plaintiffs in the cases consolidated in the Action, their respective attorneys, and any other Class Members in their capacity as shareholders of the Company with respect to the institution, prosecution or settlement of the claims against the Defendants in the Action and/or the losses alleged therein.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

71.     Lead Counsel has not received any payment to date for its services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in the amount of 22% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for the reimbursement of Litigation Expenses not to exceed $750,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class.  The Court will determine the amount of the award.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

---

72.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked*** no later than _____, 2012.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www._____.com, or from Lead Counsel's website, www.blbglaw.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-624-6717.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.  Please retain all records of your ownership of and transactions in MBIA common stock, as they may be needed to document your Claim.

73.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

74.     If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself?," below.

75.     If you are a Class Member and you wish to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

---

**WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT?
HOW DO I EXCLUDE MYSELF?**

---

76.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to *In re MBIA Inc. Securities Litigation* - EXCLUSIONS, - c/o GCG, Inc., P.O. Box 9810, Dublin, Ohio 43017-5710.  The exclusion request must be ***received*** no later than _____, **2011**.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion; (b) state that such person or entity "requests exclusion from the Class in *In re MBIA Inc. Securities Litigation*, File No. 08-CV-264-KMK"; (c) state the number of shares of MBIA common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

77.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Settled Claim against any of the Released Parties.

78.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund or any other benefit provided for in the Stipulation.

79.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

80.     **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

81.     The Settlement Hearing will be held on _____, 2011 at _:__ _ m. before the Honorable Kenneth M. Karas, at The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601.  The Court reserves the right to approve the Settlement and/or the Plan of Allocation at or after the Settlement Hearing without further notice to the members of the Class.

82.     Any Class Member who does not request exclusion may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2011.  You

must also serve the papers on Lead Counsel for the Class and Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2011**.

| **Clerk's Office** | **Lead Counsel for the Class** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | Steven B. Singer, Esq. | Robert N. Shwartz, Esq. |
| For The Southern District Of New York | Bernstein Litowitz Berger | Debevoise & Plimpton LLP |
| Clerk of the Court | & Grossmann LLP | 919 Third Avenue |
| The Hon. Charles L. Brieant Jr. Federal | 1285 Avenue of the Americas | New York, NY 10022 |
| Building and U.S. Courthouse | New York, NY 10019 | |
| 300 Quarropas Street | | |
| White Plains, New York, 10601 | | |

83.     Any objection to the Settlement (a) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (b) must include documents sufficient to prove the number of shares of MBIA common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or the motion for attorneys' fees and reimbursement of expenses if you excluded yourself from the Class or if you are not a member of the Class.

84.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

85.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2011**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

86.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel so that the notice is *received* on or before _____, 2011.

87.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

88.     If you purchased or otherwise acquired MBIA common stock during the Class Period for the beneficial interest of a person or entity other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re MBIA Inc. Securities Litigation*, c/o GCG, Inc., P.O. Box 9810, Dublin, Ohio 43017-5710.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from website maintained by the Claims Administrator, www._____.com, by calling the Claims Administrator toll-free at 1-888-624-6717, or from Lead Counsel's website, www.blbglaw.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

89.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www._____.com.  All inquiries concerning this Notice or the Claim Form should be directed to:

*In re MBIA Inc. Securities Litigation*          **OR**                    Steven B. Singer, Esq.
c/o GCG, Inc.                                               BERNSTEIN LITOWITZ BERGER
P.O. Box 9810                                                 & GROSSMANN LLP
Dublin, Ohio 43017-5710                              1285 Avenue of the Americas
888-624-6717                                                 New York, NY 10019
www._____.com                          (800) 380-8496
                                                                     blbg@blbglaw.com


**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**


Dated:  _____, 2011                          By Order of the Clerk of Court
                                                                     United States District Court
                                                                     for the Southern District of New York

**TABLE A**
**MBIA Common Stock**
**Estimated Alleged Artificial Inflation Per Share**

| Date of Purchase/Acquisition or Sale | Estimated Alleged Artificial Inflation Per Share |
|---|---|
| July 2, 2007 – December 19, 2007 | $6.60 |
| December 20, 2007 – January 7, 2008 | $0.47 |
| January 8, 2008 | $0.12 |
| January 9, 2008 and after | $0.00 |

**TABLE B**
**MBIA Common Stock**
**Average Closing Price From January 9, 2008 to April 7, 2008**

| Sale Date | Closing Price | Average Closing Price |
|---|---|---|
| 1/9/2008 | $13.40 | $13.40 |
| 1/10/2008 | $14.11 | $13.76 |
| 1/11/2008 | $16.59 | $14.70 |
| 1/14/2008 | $17.05 | $15.29 |
| 1/15/2008 | $16.05 | $15.44 |
| 1/16/2008 | $13.40 | $15.10 |
| 1/17/2008 | $9.22 | $14.26 |
| 1/18/2008 | $8.55 | $13.55 |
| 1/22/2008 | $12.53 | $13.43 |
| 1/23/2008 | $16.61 | $13.75 |
| 1/24/2008 | $14.40 | $13.81 |
| 1/25/2008 | $14.20 | $13.84 |
| 1/28/2008 | $14.85 | $13.92 |
| 1/29/2008 | $15.98 | $14.07 |
| 1/30/2008 | $13.96 | $14.06 |
| 1/31/2008 | $15.50 | $14.15 |
| 2/1/2008 | $16.36 | $14.28 |
| 2/4/2008 | $15.39 | $14.34 |
| 2/5/2008 | $14.90 | $14.37 |
| 2/6/2008 | $14.28 | $14.37 |
| 2/7/2008 | $14.20 | $14.36 |
| 2/8/2008 | $14.60 | $14.37 |
| 2/11/2008 | $13.58 | $14.34 |

| Sale Date | Closing Price | Average Closing Price |
|-----------|---------------|-----------------------|
| 2/12/2008 | $11.50 | $14.22 |
| 2/13/2008 | $11.64 | $14.11 |
| 2/14/2008 | $12.62 | $14.06 |
| 2/15/2008 | $12.24 | $13.99 |
| 2/19/2008 | $11.70 | $13.91 |
| 2/20/2008 | $12.18 | $13.85 |
| 2/21/2008 | $11.90 | $13.78 |
| 2/22/2008 | $12.18 | $13.73 |
| 2/25/2008 | $14.58 | $13.76 |
| 2/26/2008 | $15.28 | $13.80 |
| 2/27/2008 | $14.85 | $13.83 |
| 2/28/2008 | $14.06 | $13.84 |
| 2/29/2008 | $12.97 | $13.82 |
| 3/3/2008 | $12.62 | $13.78 |
| 3/4/2008 | $12.98 | $13.76 |
| 3/5/2008 | $12.18 | $13.72 |
| 3/6/2008 | $11.60 | $13.67 |
| 3/7/2008 | $11.99 | $13.63 |
| 3/10/2008 | $10.77 | $13.56 |
| 3/11/2008 | $12.14 | $13.53 |
| 3/12/2008 | $11.55 | $13.48 |
| 3/13/2008 | $11.57 | $13.44 |
| 3/14/2008 | $10.94 | $13.39 |
| 3/17/2008 | $10.80 | $13.33 |
| 3/18/2008 | $12.31 | $13.31 |
| 3/19/2008 | $12.03 | $13.28 |
| 3/20/2008 | $12.77 | $13.27 |
| 3/24/2008 | $14.17 | $13.29 |
| 3/25/2008 | $14.13 | $13.31 |
| 3/26/2008 | $13.24 | $13.31 |
| 3/27/2008 | $12.50 | $13.29 |
| 3/28/2008 | $11.99 | $13.27 |
| 3/31/2008 | $12.22 | $13.25 |
| 4/1/2008 | $13.48 | $13.25 |
| 4/2/2008 | $13.76 | $13.26 |
| 4/3/2008 | $14.29 | $13.28 |
| 4/4/2008 | $13.61 | $13.28 |
| 4/7/2008 | $13.59 | $13.29 |

#563005

# Exhibit A-2

Exhibit A-2

> **Must Be Postmarked No**
> **Later Than**
> **_____, 2012**

**In re MBIA Inc. Securities Litigation**
**c/o GCG, Inc.**
**Claims Administrator**
**P.O. Box 9810**
**Dublin, Ohio 43107-5710**
**(Toll-free number) 1-888-624-6717**
***www._____.com***

# PROOF OF CLAIM AND RELEASE

*THIS PROOF OF CLAIM MUST BE MAILED TO THE ADDRESS ABOVE*
*AND POSTMARKED NO LATER THAN _____, 2012.*

**TABLE OF CONTENTS**                                      **PAGE #**

**PART I – CLAIMANT INFORMATION**

**PART II – GENERAL INSTRUCTIONS**

**PART III – SCHEDULE OF TRANSACTIONS IN MBIA COMMON STOCK**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**

## PART I – CLAIMANT INFORMATION

LAST NAME (CLAIMANT)

FIRST NAME (CLAIMANT)

Last Name (Beneficial Owner if Different From Claimant)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant Is Not an Individual)

Contact Person (if Claimant is Not an Individual)

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)

Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City

State

Zip Code

Foreign Province

Foreign Country

Foreign Zip Code

Telephone Number (Day)

( )           -

Telephone Number (Night)

( )           -

Beneficial Owner's Employer Identification Number or Social Security Number [1]

Email Address  (*Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.*)

IDENTITY OF CLAIMANT (check only one box)

○ Individual   ○ Joint Owners   ○ Estate   ○ Corporation   ○ Trust   ○ Partnership   ○ Private Pension Fund
○ IRA, Keogh, or other type of individual retirement plan (indicate type of plan, mailing address, and name of current custodian)   ○ Legal Representative   ○ Other (specify, describe on separate sheet)

---

[1] The taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II – GENERAL INSTRUCTIONS

A.  It is important that you completely read and understand the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") that accompanies this Proof of Claim and Release form ("Claim Form"), including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

B.  TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION IN THE SETTLEMENT, YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED BY _____, 2012,** ADDRESSED AS FOLLOWS:

*In re MBIA, Inc. Securities Litigation*
c/o GCG, Inc.
Claims Administrator
P.O. Box 9810
Dublin, Ohio 43017-5710

If you fail to file a timely, properly addressed, and completed Claim Form, your claim may be rejected and you may be precluded from receiving any proceeds from the Settlement.

C.  This Proof of Claim is directed to all persons or entities who purchased or otherwise acquired MBIA common stock during the period from July 2, 2007 through and including January 9, 2008 (the "Class Period") and were damaged thereby (the "Class").

D.  "Class Members" means all persons and entities who purchased or otherwise acquired MBIA common stock during the Class Period and who were damaged thereby and who are not excluded by definition from the Class or who do not timely submit a proper request for exclusion in accordance with the requirements set forth in the Notice.  Persons and entities excluded from the Class by definition are the Defendants; the members of each Individual Defendant's Immediate Family; MBIA's current or former Section 16 Officers or directors; MBIA's past or present parents, subsidiaries or affiliates and each of their current or former Section 16 Officers, directors, partners, or members; any entity in which any Defendant has or had a controlling interest; and the legal representatives, heirs, beneficiaries, successors or assigns of any such excluded party.

E.  IF YOU ARE NOT A CLASS MEMBER, OR IF YOU FILED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER OR IF YOU SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION.

F.   Class Members will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT A CLAIM FORM IS SUBMITTED**,** unless a valid request for exclusion from the Class is received by _____, 2011.  As described in the Notice, the Judgment will release and enjoin the filing or continued prosecution of the Settled Claims against the Released Parties.

G.   **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.**   Distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

H.   Use Section III of this Claim Form entitled "SCHEDULE OF TRANSACTIONS IN MBIA COMMON STOCK" to supply all required details of your transaction(s) in MBIA common stock.  On this schedule, provide all of the requested information with respect to (i) your position in MBIA common stock as of the opening of trading on July 2, 2007, i.e., immediately prior to the start of trading on the first day of the Class Period; (ii) all transactions in MBIA common stock, including all purchases or other acquisitions (including free receipts) and all sales (including free deliveries), made from July 2, 2007 through and including April 7, 2008; and (iii) your position in MBIA common stock as of the close of trading on April 7, 2008.  **Failure to report all transactions during the requested periods may result in the rejection of your claim.**

I.   You are required to submit genuine and sufficient documentation for all your transactions in and holdings of MBIA common stock as set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmations or monthly statements.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

J.   Participants and beneficiaries in the MBIA Inc. Employee 401(k) Plan and the MBIA Inc. Employees Pension Plan (the "MBIA ERISA Plans") should not include any information relating to their transactions within the plan in any Claim Form that they may submit in this Action.  Claims based on the MBIA ERISA Plans' purchases or acquisitions of MBIA common stock during the Class Period may be made by the plans' trustees.   To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the plans, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the MBIA ERISA Plans.

K.   Separate Claim Forms should be submitted for each separate legal entity (for example, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (for example, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

L.   All joint beneficial owners must each sign this Claim Form.  If you purchased or acquired MBIA

common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or acquired MBIA common stock during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.

M.  Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the MBIA common stock; and

      (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

N.  By submitting a signed Claim Form, you will be swearing that you:

      (a)     own(ed) the MBIA common stock you have listed in the Claim Form; or

      (b)     are expressly authorized to act on behalf of the owner thereof.

O.  By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

P.  NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www._____.com or you may email the Claims Administrator's electronic filing department at eClaim@gcginc.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filling department at eClaim@gcginc.com to inquire about your file and confirm it was received and acceptable.

Q.  If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, GCG, Inc., at the above address or by toll-free phone at 1-888-624-6717, or you may download the documents from www._____.com.

## PART III – SCHEDULE OF TRANSACTIONS IN MBIA COMMON STOCK

Failure to provide proof of all beginning holdings, purchases or acquisitions, sales, and ending holdings information for MBIA common stock requested below will impede proper processing of your claim and may result in the rejection of your claim.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph I, above.

| | | |
|---|---|---|
| **1. Beginning Holdings–** State the number of shares of MBIA common stock you held as of the opening of trading on **July 2, 2007**.  If none, write "zero" or "0". | _____ shares | Proof of holding enclosed ○Y   ○N |

| **2. Purchases/Acquisitions –** Separately list each and every purchase and/or acquisition, including free receipts, of MBIA common stock during the period **July 2, 2007** through and including the close of trading on **April 7, 2008.**[2] | **IF NONE, CHECK HERE** ○ | |
|---|---|---|
| Date(s) of purchase or acquisition (List chronologically) MM     DD     YYYY | Number of shares purchased/acquired | Purchase price per share (excluding taxes, commissions and fees) | Proof of purchase enclosed |
|---|---|---|---|
| ____ / ____ / ____ | | $ | ○ Y   ○ N |
| ____ / ____ / ____ | | $ | ○ Y   ○ N |
| ____ / ____ / ____ | | $ | ○ Y   ○ N |
| ____ / ____ / ____ | | $ | ○ Y   ○ N |

| **3. Sales –** Separately list each and every sale, including free deliveries, of MBIA common stock during the period **July 2, 2007** through and including the close of trading on **April 7, 2008**. | **IF NONE, CHECK HERE** ○ | |
|---|---|---|
| Date(s) of sale (List chronologically) MM     DD     YYYY | Number of shares sold | Sale price per share (excluding taxes, commissions and fees) | Proof of sale enclosed |
|---|---|---|---|
| ____ / ____ / ____ | | $ | ○ Y   ○ N |
| ____ / ____ / ____ | | $ | ○ Y   ○ N |
| ____ / ____ / ____ | | $ | ○ Y   ○ N |
| ____ / ____ / ____ | | $ | ○ Y   ○ N |

| | | |
|---|---|---|
| **4. Ending Holdings –** State the number of shares of MBIA common stock you held as of the close of trading on **April 7, 2008**.  If none, write "zero" or "0". | _____ shares | Proof of holding enclosed ○Y   ○N |

**If you require additional space, please check the box and attach extra schedules in the same format as above.  Sign and print the beneficial owner's full name and taxpayer identification number on each additional page.**   ☐

---

[2] **Please note**:  Information requested with respect to your purchases/acquisitions of MBIA common stock from January 10, 2008 through and including April 7, 2008 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we) shall have and be deemed to have released, waived, discharged and dismissed each and every Settled Claim (as defined in the Stipulation), and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party (as defined in the Stipulation).

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represents the claimant(s) certifies, as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class;

3.      that the claimant **has not** submitted a request for exclusion from the Class;

4.      that I (we) own(ed) the MBIA common stock identified in the Claim Form and have not assigned the claim against the Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant has not submitted any other claim covering the same purchases, sales, or holdings of MBIA common stock and knows of no other person having done so on his/her/its behalf;

6.      that the claimant submits to the jurisdiction of the Court with respect to his/her/its claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.      that the claimant waives the right to trial by jury, to the extent it exists, and agrees to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant is NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant is exempt from backup withholding or (b) the claimant has not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claimant is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                    Date

_____
Print your name here

_____
Signature of joint claimant, if any                                                 Date

_____
Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____
Signature of person signing on behalf of claimant                      Date

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, e.g., executor, president, custodian, etc.

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 2012, AND MUST BE MAILED TO:

In re MBIA Inc. Securities Litigation
c/o GCG, Inc.
Claims Administrator
P.O. Box 9810
Dublin, Ohio 43017-5710

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2012 and if a postmark is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Do not send original stock certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-888-624-6717.

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or at 1-888-624-6717, or visit www._____.com.

#565265

# Exhibit A-3

Exhibit A-3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MBIA, INC., SECURITIES LITIGATION | File No. 08-CV-264-KMK |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO: All persons and entities who purchased or otherwise acquired the common stock of MBIA Inc. ("MBIA") during the period from July 2, 2007 through and including January 9, 2008 (the "Class Period") and who were damaged thereby.**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, (i) that the above-captioned litigation (the "Action") has been certified as a class action on behalf of all persons and entities who purchased MBIA common stock during the period from July 2, 2007 through and including January 9, 2008 and who were damaged thereby (the "Class"), except for certain persons and entities who are excluded from the Class by definition as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"); and (ii) that Lead Plaintiff in the Action has reached a proposed settlement of the Action with Defendants MBIA, Gary C. Dunton and C. Edward Chaplin (the "Defendants") for $68 million in cash, plus interest thereon, that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2011 at _:__ _.m before The Honorable Kenneth M. Karas, at The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and the Proof of Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re MBIA Inc. Securities Litigation*, c/o

GCG, Inc., Claims Administrator, P.O. Box 9810, Dublin, Ohio 43017-5710, 1-888-624-6717. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www._____.com, or from Lead Counsel's website, www.blbglaw.com.

    If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2012. If you are a Class Member and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

    If you are a Class Member and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____, 2011, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

    Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are *received* no later than _____, 2011, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice, may be made to Lead Counsel:

> Steven B. Singer, Esq.
> BERNSTEIN LITOWITZ BERGER
>   & GROSSMANN LLP
> 1285 Avenue of the Americas
> New York, NY 10019
> (800) 380-8496
> www.blbglaw.com

> By Order of the Court

#562884

2

# Exhibit B

EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

IN RE MBIA, INC., SECURITIES LITIGATION

File No. 08-CV-264-KMK

---

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Lead Plaintiff the Teachers' Retirement System of Oklahoma, on behalf of itself and the Class (defined below), and Defendants MBIA Inc. ("MBIA" or the "Company"), Gary C. Dunton and C. Edward Chaplin (together, the "Individual Defendants"; and together with MBIA, the "Defendants"; and together with Lead Plaintiff, the "Parties")  have entered into a Stipulation and Agreement of Settlement dated September 6, 2011 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2011 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) certified the Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement, and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, pursuant to the terms of the Stipulation, on _____, 2011, Lead Plaintiff filed a notice of voluntary dismissal with prejudice of claims asserted in the Complaint against the Individual Defendants based on the agreement of those defendants that they would be reinstated without objection as defendants in the Action should the Settlement not be approved or the Effective Date otherwise does not occur;

WHEREAS, the Court conducted a hearing on _____, 2011 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2011; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2011.

3.      **Class Certification for Settlement Purposes:**  The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons and entities who purchased or otherwise acquired MBIA common

2

stock during the period from July 2, 2007 through and including January 9, 2008 (the "Class Period"), and were damaged thereby (the "Class"). Excluded from the Class are the Defendants; the members of each Individual Defendant's Immediate Family; MBIA's current or former Section 16 Officers or directors; MBIA's past or present parents, subsidiaries or affiliates and each of their current or former Section 16 Officers, directors, partners, or members; any entity in which any Defendant has or had a controlling interest; and the legal representatives, heirs, beneficiaries, successors or assigns of any such excluded party. [Also excluded from the Class are the persons and entities who timely and validly requested exclusion from the Class, as listed on Exhibit A hereto.]

4.    **Adequacy of Representation:**   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Class and appointing Lead Counsel as Class Counsel for the Class. Lead Plaintiff and Lead Counsel have fully and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice:**   The Court finds that the dissemination  of the Notice and the publication of the Summary Notice:  (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class,

and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7) and all other applicable law and rules.

6.    **Final Settlement Approval and Dismissal of Claims:**    Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the releases provided for therein, including the release of the Settled Claims as against the Released Parties, and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiff and the Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    As of the Effective Date, (a) the Action and all of the claims against MBIA by Lead Plaintiff and Class Members are hereby dismissed on the merits and with prejudice, and (b) the prior dismissal with prejudice of claims against the Individual Defendants, which pursuant to the aforementioned Notice of Voluntary Dismissal was subject to possible reinstatement of the claims, is made irrevocable.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect:**  The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net

Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

9.       **Releases:**   The releases as set forth in Paragraphs 4, 5 and 6 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a)       Lead Plaintiff and each of the other members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Settled Claim, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party; and

(b)       Each of the Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Lead Plaintiff, Lead Counsel, all other plaintiffs in the cases consolidated in the Action, their respective attorneys, and any other Class Members in their capacity as shareholders of the Company with respect to the institution, prosecution or settlement of the claims against the Defendants in the Action and/or the losses alleged therein.

10.       **Rule 11 Findings:**   The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

11.    **No Admissions:**    Neither this Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, nor any matters arising in connection with the settlement negotiations, proceedings, or agreement:

(a)    shall be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

(b)    shall be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Lead Plaintiff or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

(c)    shall be offered or received against any of the Released Parties, or against Lead Plaintiff or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Parties, or against Lead Plaintiff or any other Class Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants, any other Released Parties, Lead Plaintiff and the other Class Members may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement;

(d)     shall be construed against any of the Released Parties, Lead Plaintiff or any other Class Members as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; nor

(e)     shall they be construed against Lead Plaintiff or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

12.     **Retention of Jurisdiction:**  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement;  (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.     **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class

Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15.     **Termination:**  If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

16.     **Entry of Final Judgment:**  There is no just reason to delay entry of this Judgment as a final judgment as against Defendants.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against Defendants.

SO ORDERED this _____ day of _____, 2011.

_____
The Honorable Kenneth M. Karas
United States District Judge

#562881

8

# Exhibit C

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MBIA, INC., SECURITIES LITIGATION | File No. 08-CV-264-KMK<br><br>**NOTICE AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)** |

WHEREAS, on March 31, 2010, this Court issued an opinion and order that, in part, dismissed the claims against defendants Gary C. Dunton and C. Edward Chaplin (the "Individual Defendants") on the basis that the complaint failed to adequately allege the scienter element of a securities fraud claim against them; and

WHEREAS, Lead Plaintiff subsequently filed a Second Consolidated Amended Class Action Complaint ("Complaint") including additional allegations against the Individual Defendants; and

WHEREAS, the Individual Defendants moved to dismiss the Complaint, and that motion was fully briefed but not argued or decided; and

WHEREAS, the Parties have agreed that, in the context of the pending settlement of this case, Lead Plaintiff will withdraw and dismiss the allegations and claims of the Complaint as against the Individual Defendants; and

WHEREAS, neither Mr. Dunton nor Mr. Chaplin has served an answer or a motion for summary judgment; and

WHEREAS, on September 6, 2011, the Parties have filed a Stipulation and Agreement of Settlement, the defined terms stated therein being applicable to this Notice,

LEAD PLAINTIFF HEREBY GIVES NOTICE THAT:

1.      The claims and allegations of the Complaint as against the Individual Defendants are hereby withdrawn and, pursuant to the Court's endorsement below, are ordered dismissed with prejudice subject to paragraph 2 below.

2.      If and only if the settlement in this case is not approved or the Effective Date otherwise fails to occur, then the Individual Defendants shall be reinstated without objection as Defendants in the Action, and they and Lead Plaintiff shall revert to their respective positions in the Action immediately prior to July 7, 2011.  In the event that the Individual Defendants are reinstated as Defendants and, if their motion to dismiss the Complaint has been removed from the docket, Lead Plaintiff agrees that it will not object to reinstatement of the motion.  Any statute of limitations, statute of repose or other time-related defense, whether statutory, contractual or otherwise, with respect to any and all claims that were asserted, or could have been asserted against the Individual Defendants in the Action, is tolled from the date of filing of this Notice until such date (if any) that the claims against them are reinstated pursuant to this paragraph.

[signature page follows]

2

Dated:  New York, New York
          _____ ___, 2011

                                        BERNSTEIN LITOWITZ BERGER &
                                        GROSSMANN LLP
                                          By: _____
                                             Steven B. Singer
                                             Beata Gocyk-Farber
APPROVED AS TO FORM:                         Kurt Hunciker
                                             John Rizio-Hamilton
DEBEVOISE & PLIMPTON LLP

  By: _____          1285 Avenue of the Americas
      Robert N. Shwartz                  New York, New York 10019
      Jeremy Feigelson                   Telephone:  (212) 554-1400
                                         Facsimile:  (212) 554-1444
919 Third Avenue
New York, New York  10022                *Lead Counsel for Lead Plaintiff*
Telephone: (212) 909-6000                 *and the Class*
Facsimile: (212) 909-6836

*Attorneys for Defendants MBIA Inc.,*
*Gary C. Dunton and C. Edward Chaplin*


SO ORDERED this _____ day of _____:


                                    _____
                                      The Honorable Kenneth M. Karas
                                      United States District Judge



# 575843

3