**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MBIA, INC., SECURITIES LITIGATION | File No. 08-CV-264-KMK |

**LEAD PLAINTIFF'S NOTICE OF**
**MOTION FOR APPROVAL OF DISTRIBUTION PLAN**

**PLEASE TAKE NOTICE** that, upon the accompanying Declaration of Jason Zuena in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Zuena Declaration") submitted by the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG"), and Lead Plaintiff's Memorandum in Support of Motion for Approval of Distribution Plan, and pursuant to Federal Rule of Civil Procedure 23(e), Lead Plaintiff the Teachers' Retirement System of Oklahoma will and hereby does move this Court, before the Honorable Kenneth M. Karas, United States District Judge for the Southern District of New York, at The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, NY 10601-4150, to enter the accompanying [Proposed] Order Approving Distribution Plan, which will, *inter alia*: (i) approve GCG's administrative recommendations accepting and rejecting the Claims submitted; (ii) direct the distribution of the Net Settlement Fund to Claimants whose Claims have been accepted as valid and approved by the Court; (iii) direct that distribution checks state that the check must be cashed within 120 days after the issue date; (iv) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; (v) adopt the recommended plan for any funds remaining following the Distribution; (vi) release claims related to the claims administration process; (vii) approve GCG's fees and expenses incurred and to be incurred in connection with the administration of the Settlement; (viii)

authorize the destruction of Proofs of Claim and supporting documents after the Distribution; and (ix) provide that the Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as the Court deems appropriate.

The [Proposed] Order Approving Distribution Plan is attached hereto as Exhibit 1.

Dated: October 16, 2013

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

s/ Steven B. Singer
Steven B. Singer
John Rizio-Hamilton
Kurt Hunciker
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

*Attorneys for Lead Plaintiff, the Teachers' Retirement System of Oklahoma, and Court-Appointed Lead Counsel for the Class*

#682533

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MBIA, INC., SECURITIES LITIGATION | File No. 08-CV-264-KMK |

**[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN**

Lead Plaintiff, on notice to Defendants' Counsel, moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"), and the Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Jason Zuena in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Zuena Declaration") and Lead Plaintiff's Memorandum in Support of Motion for Approval of Distribution Plan, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated September 6, 2011 (the "Stipulation") and the Zuena Declaration and all terms used herein shall have the same meanings as set forth in the Stipulation or in the Zuena Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

(a) The administrative recommendations of the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG"), to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Zuena Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B-2 to the Zuena Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible Claims, as set forth in Exhibit B-3 to the Zuena Declaration, are adopted;

(c) GCG is directed to distribute 100% of the available balance of the Net Settlement Fund, after deducting the payments previously allowed and approved herein, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to the Authorized Claimants who would receive a *pro rata* share of the Net Settlement Fund, as set forth in the Court-approved Plan of Allocation, of at least $20.00 (the "Distribution"), as further detailed in paragraphs 41 and 43(a) of the Zuena Declaration;

(d) In order to encourage Authorized Claimants to cash their Distribution checks promptly and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time as detailed in paragraph 43(b) footnote 6 of the Zuena Declaration;

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 43(b) footnote 6 of the Zuena Declaration shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be distributed to other Authorized Claimants in any redistribution of the Net Settlement Fund. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted or on the conditions set

forth in paragraph 43(b) footnote 6 of the Zuena Declaration shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) If any funds remain in the Net Settlement Fund after the Distribution because of uncashed distributions or other reasons, then, after GCG has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (as set forth in paragraph 43(b) footnote 6 of the Zuena Declaration), any balance remaining in the Net Settlement Fund one (1) year after the Distribution shall be redistributed to Authorized Claimants who have cashed their Distribution checks and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the funds, including for such redistribution. Additional redistributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $20.00 on such additional redistributions, subject to the conditions previously noted, shall occur thereafter in six-month intervals if Lead Counsel, in consultation with GCG, determines that additional redistribution, after the deduction of any additional fees and expenses that would be incurred with respect to such redistributions, would be cost-effective. At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, any otherwise valid Claims received or adjusted after October 2, 2013 shall be paid in accordance with subparagraph (g) below. If any funds shall remain in the Net Settlement Fund after payment of such late or late adjusted Claims, the remaining balance of the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organizations recommended by Lead Counsel and approved by the Court;

(g) No further Claims shall be accepted for payment, and no further adjustments to Claims shall be made for any reason, after October 2, 2013, subject to the following

exception. If Claims are received or modified after that date that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with GCG, determines that a redistribution is not cost effective as provided in subparagraph (f) above, such Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(h) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to Authorized Claimants;

(i) All of GCG's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund as set forth in Exhibit C to the Zuena Declaration are approved, and Lead Counsel is authorized to direct payment of $510,659.35 out of the Settlement Fund to GCG for the unpaid balance of such fees and expenses; and

(j) Unless otherwise ordered by the Court, one year after the Distribution, GCG shall destroy the paper copies of the Proofs of Claim and all supporting documentation, and one year after all funds in the Net Settlement Fund have been distributed, GCG shall destroy electronic copies of the same.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED this _______ day of _______________________, 2013.

_________________________________
The Honorable Kenneth M. Karas
United States District Judge

#664134